**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MAINALI CORPORATION** | § | |
|     **Plaintiff,** | § | |
| | § | |
| **VS.** | § | |
| | § | **CIVIL ACTION NO.** |
| **COVINGTON SPECIALTY  INSURANCE** | § | |
| **COMPANY, ENGLE MARTIN &** | § | _____ |
| **ASSOCIATES, INC., AND** | § | |
| **LYNN SUMMERS** | § | |
|     **Defendants.** | | |

**DEFENDANT COVINGTON SPECIALTY INSURANCE COMPANY'S**
**NOTICE OF REMOVAL**

TO THE HONORABLE COURT:

Pursuant to 28 U.S.C. Sections 1441 and 1446, Defendant Covington Specialty Insurance

Company ("Covington") in Cause No. DC-15-02510, pending in the 160th Judicial District Court

of Dallas County, Texas, files this Notice of Removal from that court to the United States District

Court for the Northern District of Texas, Dallas Division, because the proper parties are of diverse

citizenship and the amount in controversy requirement is satisfied.   In support if its Notice of

Removal, Covington Specialty respectfully shows:

**I.**
**FACTUAL BACKGROUND**

1.1    On March 2, 2015, Plaintiff Mainali Corporation ("Plaintiff") filed its Original

Petition in the matter styled *Mainali Corporation v. Covington Specialty Insurance Company,*

*Engle Martin & Associates, Inc., and Lynn Summers*, Cause No. DC-15-02510, in the 160th

Judicial District Court of Dallas County, Texas, in which Plaintiff asserts Defendants wrongfully

denied Plaintiff's claim for fire damage to its business and other property under its commercial

property insurance policy issued by Defendant Covington Specialty Insurance Company ("Covington Specialty").  In addition, Plaintiff also asserts claims against Defendants under the Texas Insurance Code and Texas Deceptive Trade Practices Act.  Covington has demanded that this dispute over the scope of claimed damages be decided by the binding appraisal process set forth in the subject insurance policy.

1.2     Plaintiff served Covington Specialty Insurance Company's Commissioner of Insurance with the citation and Plaintiff's Original Petition and Jury Demand on March 13, 2015. Plaintiff also served Engle Martin & Associates, Inc.'s registered agent with the citation and Plaintiff's Original Petition and Jury Demand on March 13, 2015.  Plaintiff personally served Lynn Summers with the citation and Plaintiff's Original Petition and Jury Demand on March 23, 2015.  Defendant files this Notice of Removal within the thirty-day time period required by 28 U. S. C. Section 1446(b).   Attached hereto as Exhibit "1" is the Index of State Court Documents. A copy of the Dallas County Clerk's file for this case is attached as Exhibit "2", which includes true and correct copies of all executed process, pleadings and orders, and a copy of the docket sheet.  Attached hereto as Exhibit "3" is the Designation of Counsel.  Attached hereto as Exhibit "4" is the Consent of Defendant, Engle Martin & Associates to Remove.  Attached hereto as Exhibit "5" is the Consent of Defendant, Lynn Summers to Remove.   Attached as Exhibit "6" is a Certificate of Interested Persons.  Attached as Exhibit "7" is a copy of the opinion in *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014). Attached as Exhibit "8" is a copy of the opinion in *One Way Investments, Inc. v. Century Surety Company, et al*., NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014).

## II.
## BASIS FOR REMOVAL

2.1     Removal is proper based upon diversity of citizenship under 28 U.S.C. §§ 1332(a)(1), 1441(a), and 1446.

### A.     THE PROPER PARTIES ARE OF DIVERSE CITIZENSHIP

2.2     Upon information and belief, and as plead in their Original Petition, Plaintiff Mainali Corporation is, and was at the time the lawsuit was filed, a corporation organized under the laws of the State of Texas.  *See* Plaintiff's Original Petition at p.1.

2.3     Defendant Covington Specialty Insurance Company ("Covington") is, and was at the time this lawsuit was filed, a corporation organized under the laws of New Hampshire with its principal place of business in Georgia and is a citizen of the State of New Hampshire for diversity purposes.  Accordingly, Covington is of diverse citizenship to Plaintiff.

2.4     Defendant Engle Martin & Associates ("Engle Martin") is, and was at the time this lawsuit was filed, a Georgia corporation with its principal place of business in Georgia. Accordingly, Engle Martin is also of diverse citizenship to Plaintiff.

2.5     Defendant Lynn Summers ("Summers") is an individual who works as an independent adjuster, and he is a resident and citizen of the State of Texas.  With respect to the claims against Summers, however, it is Covington's position that he has been improperly joined in this action for the reasons set forth below, and therefore Summers' Texas citizenship should be disregarded for the purposes of evaluating diversity in this matter.

### B.     SUMMERS WAS IMPROPERLY JOINED AND SHOULD BE DISMISSED

2.6     The failure to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in improper or fraudulent joinder of that party.  *Waters v. Metropolitan Mut. Auto. Ins. Co.,* 158 F.R.D. 107, 109 (S.D. Tex. 1994).

2.7     Although some federal courts in Texas have previously split on the issue as to whether the Texas "fair-notice" standard or the more stringent federal pleading standard should apply when evaluating a state court petition to determine if there is a sufficient factual or legal basis for claims against a non-diverse party, the recent federal authority from the United States District Courts for the Northern District of Texas support the conclusion that a more stringent federal standard should apply because Texas  recently enacted Texas Rule of Civil Procedure 91a, which is akin to Federal Rule of Civil Procedure 12(b)(6) and therefore, the state court pleading standards should be considered in the context of Rule 91a.[1]

2.8     As the United States District Court for the Northern District of Texas recently stated: "The court recognizes that the Texas fair notice standard must be considered in context with Rule 91a of the Texas Rules of Civil Procedure." *Conrad v. SIB Mortgage Corp.*, No. 4:14-CV-915-A, 2014 WL 6058234, at *2 (N.D. Tex. Nov. 13, 2014); *see also One Way Investments, Inc. v. Century Sur. Co.,* No. 3:14-CV-2839-D, 2014 WL 6991277, at *3 (N.D. Tex. Dec. 11, 2014) (relying on Rule 91a when holding that the plaintiff's motion for remand should be denied in light of the plaintiff's failure to assert viable causes of action against the non-diverse adjuster defendant, as required by Rule 91a); *Craig Penfold Properties, Inc. v. Travelers Cas. Ins. Co.*, No. 3:14-CV-326-L, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014) (when denying the plaintiff's motion to remand because of the plaintiff's failure to state a claim against the non-diverse adjuster defendant, the court examined the allegations of the plaintiff's amended petition in the context of Rule 91a and concluded the adjuster was improperly joined); *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5,

---

[1] Rule 91a of the Texas Rules of Civil Procedure provides: "[A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." Tex. R. Civ. P. 91a.1 (West Supp. 2014).

2014) (noting the applicable Texas "fair notice" pleading standard as informed by the new Rule 91a).

2.9     Accordingly, Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014);[2] *see also Bart Turner & Assoc. v. Krenke,* No. 3:13-cv-2921-L, 2014 WL 1315896 (N.D. Tex. Mar. 31, 2014) (Lindsay, S.) (finding "fair notice" must now be judged in the context of Rule 91a."); *Sazy v. Depuy Spine, Inc*., No. 3:13-CV-4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014) (the court held reference to the new Texas Rule 91a that "[t]his new rule now allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)"); *GoDaddy.com, LLC v. Toups*, No. 09-13-00285-CV, 2014 WL 1389776 (S.D. Tex. April 10, 2014); *Shaw v. Lemon*, No. 05-12-00903-CV, 2014 WL 1407727 (N.D. Tex. April 2, 2014); *City of Austin v. Liberty Mut. Ins.,* 431 S.W3d 817 (Tex. Civ. App-Austin 2014); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729, *6 (E.D. Tex. 2008) (applying federal standard).

2.10    Under a Rule 12(b)(6) analysis of a plaintiff's state court pleadings, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions.  *Papasan v. Allian,* 478 U.S. 265, 286 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1216, pp. 235-236 (3d ed. 2004) ("[T]he

---

[2] Attached as Exhibit 7.

pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).  Importantly, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions.  *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).  The United States Supreme Court has emphasized that a pleading offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement," such as Plaintiffs' Original Petition, is not sufficient and must be dismissed.  *Ashcroft,* 556 U.S. at 678 (2009).  Further, factual allegations in a petition must state a claim for relief that is plausible on its face.  *See Twombly,* 550 U.S. at 565. Plausibility requires more than a mere possibility; it calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of actionable misconduct conduct.  *See id.* Applying this rationale, Plaintiff's Original Petition fails to state a *plausible* claim against Summers, nor does Plaintiff's Original Petition provide fair notice to Summers of the claims against him under the applicable pleading standard.

2.11    Here, Plaintiff did not provide Summers with any pre-suit notice of its claims against him as required by Texas law and Plaintiff's petition also fails to articulate how the conduct of Summers constitutes a plausible cause of action against him.  Plaintiff's generic and global allegations about the conduct of "Defendants" with regard to every single alleged cause of action set forth in pages 3 through 13 of Plaintiff's Original Petition are not sufficient to provide fair notice to Summers of a plausible claim against him under the applicable pleading standards. *See* Original Petition attached hereto as Exhibit 2 at pp. 3-10.  Rather, as explained by the court in *Plascencia,* "[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable

conduct against the non-diverse defendant." *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014) (citing *Studer v. State Farm Lloyds*, 2014 WL 234352, at *4).  Accordingly, the Court should give no effect to Plaintiff's generic global allegations directed toward "Defendants," and should conclude that such allegations fail to state an actionable claim with respect to Summers and do not support him joinder as a defendant in this case.

2.12    Furthermore, as explained by the court in *Plascencia*, the other allegations against Summers in the present matter are also insufficient because they are too conclusory to demonstrate a plausible right to relief.  *See* Exhibit 7.  Like the generic allegations against Summers set forth in Plaintiff's Original Petition in this lawsuit, the only specific allegations against adjuster Feliciano Gallegos in *Plascencia* were as follows:

> Defendant Gallegos improperly adjusted the Plaintiff's claim. Defendant Gallegos conducted a substandard inspection, which is evidenced in his report, which failed to include many of Plaintiff's damages. His estimate did not allow adequate funds to cover repairs to restore Plaintiff's home. Without limitation, Gallegos misrepresented the cause of, scope of, and cost to repair the damage to Plaintiff's Property, as well as the amount of and insurance coverage for Plaintiff's claim/loss under Plaintiff's insurance policy. Gallegos made these and other misrepresentations to Plaintiff as well as to State Farm.  Plaintiff and State Farm both relied on Gallegos's misrepresentations, including but not limited those regarding the cause of, scope of, and cost to repair the damage to Plaintiff's Property, and Plaintiff has been damaged as a result of such reliance. Gallegos's misrepresentations caused State Farm to underpay Plaintiff on his insurance claim and, as such, Plaintiff has not been able to properly and completely repair the damages to Plaintiff's property. This has caused additional, further damage to Plaintiff's property.

*Id.* at p. 4.  The court in *Plascencia* concluded that these allegations are mere conclusory allegations that lack the factual specificity that would enable the court to infer that plaintiff has a plausible right of relief against the adjuster defendant.  Because the "factual" allegations against Summers in this case are nearly identical and therefore equally vague and conclusory, the Court should also conclude that Summers was improperly joined because Plaintiff's allegations against

him fail to establish a plausible right to recover against him.  *Id*; *see also Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-cv-165-A, 2009 WL 1437837 at *4 (N.D. Tex. May 22, 2009) (finding factual allegations against an individual adjuster were insufficient); *Jones v. Allstate Ins. Co.*, No. 3:13-cv-4027-BN, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 3:13-CV-4101-P, 2014 WL 1347872 (N.D. Tex. Apr. 7, 2014) (allegations of misrepresentations about the facts giving rise to a claim were not sufficient to state claim for violations of the Texas Insurance Code).

2.13    Plaintiff's allegations against Summers for violations of Chapter 541 also fail to demonstrate a reasonable basis to recover against him under the Texas Insurance Code because Plaintiff fails to allege that Summers's alleged misrepresentations related to the "coverage at issue" or the details of Plaintiff's insurance policy with Covington, which is a required element of misrepresentation under the Insurance Code.  As explained by Judge Sidney Fitzwater of the United States District Court for the Northern District of Texas in his recent opinion in *One Way Investments, Inc. v. Century Surety Company, et al.*, NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014), the type of allegations alleged against Summers, all of which relate to his inspection and determination regarding the extent of fire damage, are not actionable under the Texas Insurance Code because they do not relate to misrepresentations about coverage provided by the terms of the policy.[3]

2.14    Like the present matter, Century Surety Company, as One Way's commercial property insurer, assigned VeriClaim as the independent adjusting company to inspect the property and VeriClaim assigned Mattoni as the field adjuster.  *Id.*  After a dispute arose over the

---

[3] Attached as Exhibit 8.

scope of damages, One Way filed suit against Century, VeriClaim, and Mattoni claiming the defendants misrepresented the damage to the property and committed various violations of the Texas Insurance Code. *Id*. at *2.

2.15    As Plaintiff has alleged with respect to Summers in this case, *One Way* alleged that the non-diverse independent adjuster Mattoni failed to conduct a reasonable investigation and substantially underestimated and underscoped the damages to the building. *Id*. at p. 7. The court considered whether such allegations could support a claim under the sections of the Texas Insurance Code identified in One Way's state court petition and concluded they could not.

2.16    The conclusions reached by the courts in *One Way* and *Plascencia* are not isolated holdings either. Rather, there is a growing body of authority from other federal courts in Texas, also finding improper joinder of adjusters where the factual allegations against them fail to fit the criteria for an actionable claim under the Texas Insurance Code. *See*, *e.g.*, *Dalton v. State Farm Lloyds*, No. H-12-3004, 2013 WL 3157532, at *19 (S.D. Tex. June 19, 2013) (court held that adjuster had been improperly joined where claims conclusory tracked the statutory language, unsupported by any specific facts regarding the adjuster's actions); *First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co*., No. 1:07-CV-988, 2008 WL 4533729 at *6 (E.D. Tex. Sept. 29, 2008); *Broadway v. Brewer*, No. 4:08-cv-475, 2009 WL 1445449 at *3 (E.D. Tex. May 21, 2009); *Okenkpu v. Allstate Tex. Lloyds*, No. H-11-2376, 2012 WL 1038678 (S.D. Tex. Mar. 27, 2012); *Gonzalez v. Homeland Ins. Co. of NY*, No. H-11-123, 2011 WL 3104104 (S.D. Tex. July 25, 2011); *Emmanuel Deliverance Temple of Refuge, Inc. v. Scottsdale Ins. Co.*, No. H-10-4162, 2011 WL 2837588 (S.D. Tex. July 18, 2011); *Glen Willows Apartments v. Lexington Ins. Co.*, No. H-10-2095, 2011 WL 1044206 (S.D. Tex. Mar. 16, 2011); *Centro Cristiano Cosecha Final*, No. H-10-1846, 2011 WL 240335 at *14 (S.D. Tex. Jan. 20,

2011); *Jimenez et al., v. Travelers Idem. Co., et al.,* No. H-09-1308, 2010 WL 1257802 (S.D. Tex. Mar. 20, 2010); *Studer v. State Farm Lloyds*, No. 4:13-cv-413, 2014 WL 234352 (S.D. Tex. Jan. 21, 2014); *Marquez v. Allstate Texas Lloyds*, No. H-13-3644, 2014 WL 710952 (S.D. Tex. Feb. 24, 2014) (Plaintiff's allegations that the individual adjuster defendant was a licensed Texas adjuster and the defendants improperly adjusted plaintiff's claim were insufficient "to establish a reasonable basis for predicting that Texas law might impose liability" on the individual adjuster defendant.); *Nasti v. State Farm Lloyds*, No. 4:13-cv-1413, 2014 WL 710458 (S.D. Tex. Feb. 19, 2014) (where petition alleged that adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjuster's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, No. 4:12-cv-3711, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer).

2.17    These courts have consistently found improper joinder where, as here, the allegations against the adjuster were minimal, and only related to the scope of damage, not the application of insurance coverage. *See, e.g., Dalton*, 2013 WL 3157532, at *19. Accordingly, because Plaintiff's claims against Summers in this suit are nearly identical to the generic and conclusory claims in the authorities referenced above, and because the allegations simply cannot withstand scrutiny under Texas law, the Court should conclude, as other courts have done in virtually identical circumstances before, that Summers has been improperly joined.

2.18    Likewise, Plaintiffs' fraud and misrepresentation claims against Summers also fail to provide him with fair notice and they fail to satisfy the applicable pleading standard because these bald allegations fail to satisfy the requirements of Federal Rule 9(b). *See* Original Petition

at p. 10. Federal Rule of Civil Procedure 9(b) provides, in pertinent part, that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The Fifth Circuit holds that, in order to comply with Rule 9(b), a plaintiff must, "[s]pecify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177-178 (5th Cir.1997).  "Thus, allegations of fraud must meet a higher, or more strict, standard than the basic notice pleading required by Rule 8." *Patel v. Holiday Hospitality Franchising, Inc.*, 172 F.Supp.2d 821, 824 (N.D. Tex. 2001) (citing *Shushany v. Allwaste, Inc.,* 992 F.2d 517, 521 (5th Cir.1993)).[4]

2.19    Here, despite the fact that its *Original Petition* is twelve pages long,[5] Plaintiff failed to specify any of the statements that it contends to be misrepresentative or fraudulent, it has not identified when and where these alleged statements were made, nor has it explained why these statements are fraudulent or misrepresentative.  Rather, as explained above, Plaintiffs have merely plead vague and conclusory allegations in an attempt to improperly join Summers to their claim against Covington.   Accordingly, Plaintiff's improper joinder of Summers is also demonstrated by Plaintiff's failure to comply with the particularity requirement of Rule 9(b).

2.20    Finally, as the court explained in *Plascencia*, there does not appear to be any reason why Plaintiff needed to join Summers as a defendant other than to defeat diversity

---

[4] In addition, "[a]lthough the language of Rule 9(b) confines its requirements to claims of fraud, the requirements of the rule apply to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud." *Frith v. Guardian Life Ins. Co. of America*, 9 F.Supp.2d 734, 742 (S.D. Tex. 1998) (citing *Toner v. Allstate Ins. Co.,* 821 F.Supp. 276, 283 (D. Del. 1993) (citations omitted)); *see also Frota v. Prudential-Bache Securities, Inc.,* 639 F.Supp. 1186, 1193 (S.D. N.Y. 1986) ("Rule 9(b) extends to all averments of fraud, whatever may be the theory of legal duty-statutory, common law, tort contractual, or fiduciary."). Specifically, "[c]laims alleging violations of the Texas Insurance Code and the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Id* at 742*; see also Williams v. WMX Techs., Inc.,* 112 F.3d 175, 177-178 (5th Cir.1997).

[5]"A complaint can be long-winded, even prolix, without pleading with particularity.  Indeed, such a garrulous style is not an uncommon mask for an absence of detail." *Williams v. WMX Technologies, Inc*., 112 F.3d 175, 178 (5th Cir.1997).

jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiff against Summers would provide any financial gain or otherwise improve his ability to recover the damages alleged in the Original Petition.

2.21    Because Plaintiff is a citizen of Texas, and Defendant Covington is and was a citizen of Georgia at the time of service or suit filed and at time of removal, complete diversity of citizenship exists among the proper parties.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS THE JURISDICTIONAL REQUIREMENTS FOR SUBJECT MATTER JURISDICTION.**

2.22    The amount in controversy requirement for Federal diversity jurisdiction is clearly satisfied in this case as evidenced by Plaintiff's Original Petition in which Plaintiff expressly alleges that it "seeks monetary relief in an amount over $1,000,000.00." *See* Original Petition at page 3.    This amount clearly exceeds the jurisdictional requirements for subject matter jurisdiction, and demonstrates that the amount in controversy requirement is satisfied.

### III.
### THE REMOVAL IS PROCEDURALLY CORRECT

3.1    Defendants Covington and Engle Martin were first served with Plaintiff's Original Petition & Jury Demand and process on March 13, 2015.    Defendant Summers was first served with Plaintiff's Original Petition and Jury Demand on March 23, 2015.    Defendant Covington files this notice of removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.2    Venue is proper in this District and Division under 28 U.S.C. §1446(a) because this District and Division include the county in which the state action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this District and Division.

3.3     Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice.

3.4     Pursuant to 28 U.S.C. §1446(d), promptly after Defendant files this Notice, written notice of the filing will be given to Plaintiff, the adverse party.

3.5     Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice of Removal will be filed with the Clerk of the Dallas County District Court, promptly after Defendant files this Notice.

## IV.
## DOCUMENTS AND EXHIBITS ACCOMPANYING REMOVAL

4.1     Simultaneously with the filing of this Notice of Removal, attached hereto as Exhibit "1" is an index of all documents filed in the state court action and a copy of each document.

4.2     Attached hereto as Exhibit "2" is a copy of the Docket Sheet of the case pending in 160th Judicial District Court of Dallas County, Texas.

4.2A    Attached hereto as Exhibit "2" is a copy of Plaintiff's Original Petition and Jury Demand.

4.2B    Attached hereto as Exhibit "2" is a copy of the Citation issued to Defendant, Covington Specialty Insurance Company.

4.2C    Attached hereto as Exhibit "2" is a copy of the Citation issued to Defendant, Engle Martin & Associates, Inc.

4.2D    Attached hereto as Exhibit "2" is a copy of the Citation issued to Defendant, Lynn Summers.

4.2E    Attached hereto as Exhibit "2" is a copy of the return of service showing personal service by delivery of Plaintiff's Original Petition and Jury Demand on Defendant, Covington Specialty Insurance Company's to the Commissioner of Insurance.

4.2F    Attached hereto as Exhibit "2" is a copy of the return of service showing personal service by delivery of Plaintiff's Original Petition and Jury Demand on Defendant, Engle Martin & Associates, Inc.'s registered agent.

4.2G    Attached hereto as Exhibit "2" is a copy of the return of service showing personal service by delivery of Plaintiff's Original Petition and Jury Demand on Defendant, Lynn Summers.

4.2H    Attached hereto as Exhibit "2" is a copy of Plaintiff's Designation of Lead Counsel.

4.2I    Attached hereto as Exhibit "2" is a copy of Defendants Covington Specialty Insurance Company's, Engle Martin & Associates' and Lynn Summers' Original Answer.

4.3     Attached hereto as Exhibit "3" is the Designation of Counsel.

4.4     Attached hereto as Exhibit "4" is Defendant Engle Martin & Associates' Consent to Removal.

4.5     Attached hereto as Exhibit "5" is Defendant, Lynn Summers's Consent to Removal.

4.6     Attached as Exhibit "6" is a copy of Certificate of Interested Persons.

4.7     Attached as Exhibit "7" is a copy of the opinion in *Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014).

4.8     Attached as Exhibit "8" is a copy of the opinion in *One Way Investments, Inc. v. Century Surety Company, et al*., NO. 3:14-CV-2839-D (N.D. Tex. Dec. 11, 2014).

## V.
## <u>CONCLUSION</u>

5.1     Based upon the foregoing, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant, Covington Specialty Insurance Company hereby removes this case to this court for trial and determination.

Respectfully submitted,


/s/Harrison H. Yoss
Harrison H. Yoss
State Bar No. 22169030
Daniel P. Buechler
State Bar No. 24047756

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  hyoss@thompsoncoe.com
          dbuechler@thompsoncoe.com

**COUNSEL FOR DEFENDANTS**
**COVINGTON SPECIALTY INSURANCE**
**COMPANY, ENGLE MARTIN &**
**ASSOCIATES, INC., AND LYNN SUMMERS**


## CERTIFICATE OF SERVICE

I hereby certify that on April 9, 2015, I served the following document on counsel via electronic notice and/or certified mail, return receipt requested:

Jeffrey L. Raizner
Andrew P. Slania
Amy B. Hargis
RAIZNER SLANIA, LLP
2402 Dunlavy Street
Houston, Texas 77006
**COUNSEL FOR PLAINTIFF**


  /s/Daniel P. Buechler
Daniel P. Buechler

2182759v1
08011.442