# REGISTER OF ACTIONS
## CASE NO. DC-15-02510

| | | |
|---|---|---|
| MAINALI CORPORATION vs. COVINGTON SPECIALTY INSURANCE COMPANY et al | § § § § § | Case Type: **INSURANCE** <br> Date Filed: **03/02/2015** <br> Location: **160th District Court** |

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| DEFENDANT | COVINGTON SPECIALTY INSURANCE COMPANY | **HARRISON H YOSS** <br> *Retained* <br> 214-871-8200(W) |
| DEFENDANT | ENGLE MARTIN & ASSOCIATES, INC., | **HARRISON H YOSS** <br> *Retained* <br> 214-871-8200(W) |
| DEFENDANT | SUMMERS, LYNN | **HARRISON H YOSS** <br> *Retained* <br> 214-871-8200(W) |
| PLAINTIFF | MAINALI CORPORATION | **JEFFREY L RAIZNER** <br> *Retained* <br> 713-554-9099(W) |

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 03/02/2015 | NEW CASE FILED (OCA) - CIVIL |
| 03/02/2015 | ORIGINAL PETITION <br> *Plaintiff's Original Petition & Jury Demand* |
| 03/02/2015 | ISSUE CITATION <br> *ESERVE jraizner@doyleraizner.com 4468665* |
| 03/02/2015 | ISSUE CITATION COMM OF INS OR SOS <br> *ESERVE jraizner@doyleraizner.com 4468665* |
| 03/12/2015 | CITATION SOS/COI/COH/HAG <br> *COI* |

| | | | |
|---|---|---|---|
| | COVINGTON SPECIALTY INSURANCE COMPANY | Served <br> Returned | 03/13/2015 <br> 03/19/2015 |

| | |
|---|---|
| 03/12/2015 | CITATION |

| | | | |
|---|---|---|---|
| | ENGLE MARTIN & ASSOCIATES, INC., | Served <br> Returned | 03/13/2015 <br> 03/19/2015 |
| | SUMMERS, LYNN | Served <br> Returned | 03/23/2015 <br> 03/25/2015 |

| | |
|---|---|
| 03/12/2015 | CITATION ISSUED |
| 03/19/2015 | RETURN OF SERVICE <br> *CITATION RETURN* |
| 03/19/2015 | RETURN OF SERVICE <br> *CITATION RETURN* |
| 03/25/2015 | RETURN OF SERVICE <br> *LYNN SUMMERS- RETURN OF SERVICE* |
| 04/02/2015 | DESIGNATE LEAD COUNSEL |
| 04/03/2015 | ORIGINAL ANSWER - GENERAL DENIAL |

### FINANCIAL INFORMATION

| | | | | |
|---|---|---|---|---|
| | **PLAINTIFF** MAINALI CORPORATION <br> Total Financial Assessment <br> Total Payments and Credits <br> **Balance Due as of 04/09/2015** | | | 335.00 <br> 335.00 <br> **0.00** |
| 03/06/2015 | Transaction Assessment | | | 335.00 |
| 03/06/2015 | CREDIT CARD - TEXFILE (DC) | Receipt # 13006-2015-DCLK | MAINALI CORPORATION | (335.00) |

**EXHIBIT**

2

FILED
DALLAS COUNTY
3/2/2015 3:39:13 PM
FELICIA PITRE
DISTRICT CLERK

Crystal McDowell

DC-15-02510

Cause No. _____

| | | |
|---|---|---|
| MAINALI CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY, ENGLE MARTIN & | § | |
| ASSOCIATES, INC., AND | § | |
| LYNN SUMMERS | § | ____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION & JURY DEMAND

TO THE HONORABLE JUDGE & JURY OF DALLAS COUNTY CITIZENS:

Plaintiffs MAINALI CORPORATION (collectively "Mainali" or "Plaintiff")

file this Original Petition & Jury Demand against Defendants COVINGTON

SPECIALTY INSURANCE COMPANY ("Covington"), ENGLE MARTIN &

ASSOCIATES, INC. ("Engle Martin"), and LYNN SUMMERS ("Summers")

(together "Defendants") and would respectfully show the following:

### Discovery Control Plan

1.1     Mainali intends to conduct discovery under Level 2 of Texas Rule of Civil

Procedure 190.

### Parties

2.1     Mainali is a corporation organized under the laws of the State of Texas.

2.2     Upon information and belief, Covington is a foreign surplus lines insurance

company engaged in the business of insurance in Texas, operating for the purpose

of accumulating monetary profit.  Covington regularly conducts the business of

insurance in a systematic and continuous manner in the State of Texas.

1

Covington does not maintain an agent for service in Texas and accordingly may be served with process by serving certified mail, return receipt requested, to **Texas Commissioner of Insurance, 333 Guadalupe, Austin, Texas 78701**, who can forward process to **President, 945 East Paces Ferry Road, Suite 1800, Atlanta, Georgia 30326-1160.**

2.3    Upon information and belief, Engle Martin is a corporation organized under the State of Georgia with a field office in Dallas, Texas. Engle Martin may be served with process by serving its registered agent, **Corporation Service Company, 211 East 7th Street, Austin, Texas 78701.**

2.4    Upon information and belief, Lynn Summers is a natural person who resides and works in the State of Texas and may be served with process at his place of residence, **Lynn Summers, 13840 James Ranch Court, Justin, Texas 76247.**

### Venue & Jurisdiction

3.1    Venue is proper in Dallas County under Tex. Civ. Prac. & Rem. Code Section 15.002(a)(1), as all or a substantial part of the events or omissions giving rise to this claim occurred in Dallas County, Texas. In particular, the insurance policy at issue and of which Mainali is a beneficiary was to be performed in Dallas County, Texas and the losses under the policy (including claim decisions by Defendants' representatives and policy payments to be made to Mainali under the policy) were required to be made in Dallas County, Texas. Further, investigation and claim determinations serving as the basis for this claim handling lawsuit, including communications to and from Defendants and

2

Mainali (including telephone calls, mailings, and other communications to Mainali) occurred in Dallas County, Texas.

3.2     Mainali seeks damages within the jurisdictional limits of this Court. Mainali trusts the jury to evaluate the evidence, but at this time, Mainali seeks monetary relief in an amount over $1,000,000. Mainali reserves the right to modify the amount and type of relief sought in the future.

### Factual Background

4.1     On or before April 13, 2014, Mainali entered into a contract with Covington whereby Covington would provide property insurance for the property located at 2806 Highway 51 FM South, Decatur, Texas 76234 (the "Property") in exchange for the timely payment of premiums under Policy No. VBA25738000 (the "Policy"). The Property consists of a Chevron station and convenience store. The Policy was sold by Covington to Mainali as the insured under the Policy and provides coverage for damages to the Property resulting from fire and also provides coverage for business interruption losses.

4.2     On or about April 13, 2014, the Property was substantially damaged by a fire that broke out at the Property.  As a result, the roof, exterior, electrical systems, HVAC, interiors, inventory, fixtures and other structures of the Property were substantially damaged.  The covered event has also resulted in a loss of business income, otherwise known as business interruption, another coverage specifically afforded to Plaintiff under the Policy.  Upon discovering the damage, Plaintiff immediately filed an insurance claim under the Policy with

3

Covington for damage to the Property and business caused by the fire. Plaintiff asked that the full extent of the losses be covered pursuant to the Policy.

4.3     Covington is the insurer on the property. Covington assigned adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained. Specifically, Covington assigned Engle Martin out of Dallas as the third party adjusting firm who in turn assigned its internal adjuster Summers as the adjuster on the file. Covington charged Engle Martin and Summers with responsibility for assessing damages under the Policy and determining what amounts, if any, to pay on the claim. However, Summers was improperly trained and not equipped to handle this type of claim.

4.5     Summers conducted an unreasonable and inadequate investigation and denied obvious covered damage to the Property and business. Summers also grossly undervalued what damage he did accept. After undervaluing the damage, Engle Martin and Summers further reduced estimated items to diminish the amount payable to Mainali under the Policy. Covington's coverage decisions relied on Summers' inadequate investigation and representations. Covington, Engle Martin, and Kastens represented to Mainali that certain damages were not covered under the Policy when in fact they were. Based on Summers' inadequate investigation, Defendants only agreed to pay a portion of what was owing on the claim and denied the rest.

4.6     Mainali was forced to hire a professional representative to seek the coverage under the Policy that Covington sold to Mainali. Because of the damage caused by

4

the fire and Defendants' delays and refusal to pay for repairs and business losses, the Property sat unrepaired and sustained additional damages. Additionally, because of Defendants' actions, Mainali was unable to re-open the Chevron station and convenience store and Mainali suffered additional damages in the form of lost business income. Defendants have refused to compensate Mainali for his coverage. After agreeing to pay only a fraction of what was due and representing that Mainali did not have the coverage it did, Covington denied the remainder of Mainali's claim.

4.7     Covington, Engle Martin, and Summers wrongfully denied and delayed Mainali's claim for property repairs and business income losses.  Furthermore, Defendants have underestimated damages during their investigation.  Defendants have chosen to continue to deny and delay timely payment of the damages.  As a result, Mainali has not been fully paid under the Policy provided by Covington since the fire.

4.8     As a result of Defendants' acts and/or omissions, Mainali was required to retain an attorney to prosecute its claim for insurance benefits.

4.9     Unfortunately, Defendants have delayed payment for Mainali's necessary and covered property repairs under its insurance policy.  Given the repeated delays of payment, Mainali has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage.  In addition, Mainali has suffered financial harm and damage as a result of Defendants' denials and repeated delays.  The significant effect of Defendants' wrongful and unjustified delays,

5

however, is still uncompensated.

### FIRST CAUSE OF ACTION---Violations of Texas Insurance Code

5.1     Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-4.9 of this Petition as if fully set forth herein.

5.2     Covington, Engle Martin, and Summers failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3     Covington, Engle Martin, and Summers failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4     Covington, Engle Martin, and Summers failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5     Covington, Engle Martin, and Summers refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.6     Covington, Engle Martin, and Summers misrepresented the insurance policy under which it affords property coverage to Mainali, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Covington, Engle Martin, and Summers misrepresented the insurance policy to Mainali, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

6

5.7     Covington, Engle Martin, and Summers misrepresented the insurance policy under which it affords property coverage to Mainali by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).  Covington, Engle Martin, and Summers misrepresented the insurance policy to Mainali by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.8     Covington, Engle Martin, and Summers misrepresented the insurance policy under which it affords property coverage to Mainali by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).  Covington, Engle Martin, and Summers misrepresented the insurance policy to Mainali by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.9     Covington, Engle Martin, and Summers knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### SECOND CAUSE OF ACTION---Prompt Payment of Claim

6.1     Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-5.9 of this Petition as if fully set forth herein.

6.2     Covington, Engle Martin, and Summers failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

6.3     Covington, Engle Martin, and Summers failed to timely commence investigation of the claim or to request from Mainali any additional items, statements or forms that Covington, Engle Martin, and Summers reasonably believe to be required from Mainali in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4     Covington, Engle Martin, and Summers failed to notify Mainali in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Covington, Engle Martin, and Summers in violation of Texas Insurance Code Section 542.056(a).

6.5     Covington, Engle Martin, and Summers delayed payment of Mainali's claim in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION---Statutory Interest

7.1     Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2     Mainali makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION---Breach of Contract

8.1    Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2    Covington breached its contract with Mainali.  As a result of Covington's breach, Mainali suffered legal damages.

### FIFTH CAUSE OF ACTION---Breach of duty of good faith & fair dealing

9.1    Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2    Covington, as the property coverage insurer, had a duty to deal fairly and in good faith with Mainali in the processing of the claim.  Covington breached this duty by refusing to properly investigate and effectively denying insurance benefits. Covington knew or should have known that there was no reasonable basis for denying or delaying the required benefits.  As a result of Covington's breach of these legal duties, Mainali suffered legal damages.

### SIXTH CAUSE OF ACTION---Punitive Damages for Bad Faith

10.1    Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2    Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Mainali's claim for benefits.  Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Mainali.

### SEVENTH CAUSE OF ACTION---Violations Of Texas DTPA

11.1    Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2.   The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices.  Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA.  Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

### EIGHTH CAUSE OF ACTION---Fraud

12.1    Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-11.2 of this Complaint as if fully set forth herein.

12.2.   Covington, Engle Martin, and Summers acted fraudulently as to each representation made to Mainali concerned material facts for the reason they would not have acted and which Covington, Engle Martin, and Summers knew were false or made recklessly without any knowledge of their truth.  The representations were made with the intention that they be acted upon by Mainali, who relied on those representations, thereby causing injury and damage to Mainali.

### KNOWLEDGE

13.1    Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Mainali's damages.

## RESULTING LEGAL DAMAGES

14.1    Mainali is entitled to the actual damages resulting from the Defendants' violations of the law.  These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits; the mental anguish and physical suffering resulting from this wrongful denial of benefits, and continued impact on Mainali; lost credit reputation; and the other actual damages permitted by law.   In addition, Mainali is entitled to exemplary damages.

14.2    As a result of Defendants' acts and/or omissions, Mainali has sustained damages in excess of the minimum jurisdictional limits of this Court.

14.3    Mainali is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.4    Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Mainali to the attorneys' fees, treble damages, and other penalties provided by law.

14.5    Mainali is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

14.6    As a result of Defendants' acts and/or omissions, Mainali has sustained damages in excess of the jurisdictional limits of this Court.

14.7    Mainali is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

14.8    Mainali is entitled to the recovery of attorneys' fees pursuant to Tex. Civ.

Prac. & Rem. Code § 38.001, the Texas Insurance Code § 542.060(a)-(b), the Tex.

Bus & Commerce Code § 17.50 and Tex. Civ. Prac. & Rem. Code § 37.009.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests

that Plaintiff have judgment against Defendants for actual damages in excess of

the minimum jurisdictional limits of this Court, pre- and post-judgment interest

as allowed by law, costs of suit, and all other relief, at law or in equity, to which

Plaintiff may be entitled.

Respectfully submitted,

**DOYLE RAIZNER LLP**

JEFFREY L. RAIZNER
State Bar No. 00784806
jraizner@doyleraizner.com
ANDREW P. SLANIA
State Bar No. 24056338
aslania@doyleraizner.com
AMY B. HARGIS
State Bar No. 24078630
ahargis@doyleraizner.com
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.571.1146
Fax:  713.571.1148
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Mainali hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

JEFFREY L. RAIZNER

13

## CIVIL CASE INFORMATION SHEET
**DC-15-02510**

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED _Maynali Corp v. Covington Specialty Ins Co et al_
*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

**1. Contact information for person completing case information sheet:**

Name: Amy Hargis
Email: ahargis@doylerazner.com
Address: 2402 Dunlavy
Telephone: 713-571-1146
City/State/Zip: Houston, TX 77006
Fax: 713-571-1148
Signature: /s/
State Bar No: 24078630

**Names of parties in case:**

Plaintiff(s)/Petitioner(s): Maynali Corp

Defendant(s)/Respondent(s): Covington Spec Ins Co, Engle Martin & Assoc, Inc, Lynn Summers

**Person or entity completing sheet is:**
☑ Attorney for Plaintiff/Petitioner
☐ Pro Se Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other: _____

Additional Parties in Child Support Case:
Custodial Parent:
Non-Custodial Parent:
Presumed Father:

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

**Civil**

Contract — Debt/Contract:
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☑ Other Debt/Contract: Insurance

Foreclosure:
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☐ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract: _____

Injury or Damage:
☐ Assault/Battery
☐ Construction
☐ Defamation
Malpractice:
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:
☐ Motor Vehicle Accident
☐ Premises
Product Liability:
☐ Asbestos/Silica
☐ Other Product Liability List Product: _____
☐ Other Injury or Damage: _____

Real Property:
☐ Eminent Domain/Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property: _____

Related to Criminal Matters:
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus—Pre-indictment
☐ Other: _____

Employment:
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment: _____

Other Civil:
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property
☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other: _____

**Family Law**

Marriage Relationship:
☐ Annulment
☐ Declare Marriage Void
Divorce:
☐ With Children
☐ No Children

Other Family Law:
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other: _____

Post-judgment Actions (non-Title IV-D):
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other

Title IV-D:
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

Parent-Child Relationship:
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child: _____

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

**Probate & Mental Health**
Probate/Wills/Intestate Administration:
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings
☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other: _____

**3. Indicate procedure or remedy, if applicable (may select more than 1):**
☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action
☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment
☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

**4. Indicate damages sought (do not select if it is a family law case):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100,000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☑ Over $1,000,000

Rev 2/13

FORM NO. 353-4—CITATION

~~THE STATE OF TEXAS~~

To:    COVINGTON SPECIALTY INSURANCE COMPANY
       SERVE COMMISSIONER OF INSURANCE
       333 GUADALUPE
       AUSTIN TX 78714-9104

       945 E PACES FERRY RD STE 1800, ATLANTA, GA 30326-1160

GREETINGS:
You have been sued. You may employ an attorney.  If you or your attorney do not file a written answer with    the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
   Your answer should be addressed to the clerk of the **160th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MAINALI CORPORATION**

Filed in said Court 2nd day of March, 2015 against
**COVINGTON SPECIALTY INSURANCE COMPANY , ENGLE MARTIN & ASSOCIATES INC AND
LYNN SUMMERS**

   For suit, said suit being numbered   DC-15-02510  the nature of which demand is as follows:
   Suit On  **INSURANCE** etc.
as shown on said petition, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
   Given under my hand and the Seal of said Court at office **on this the 12th day of March, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

                /s/ Carmen Moorer
       By_____, Deputy
               **CARMEN MOORER**

---

CITATION

| No.: **DC-15-02510** |

**MAINALI CORPORATION
VS.
COVINGTON SPECIALTY INSURANCE
COMPANY ET AL**

---

ISSUED
**ON THIS THE 12TH DAY OF MARCH,
2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARMEN MOORER**, Deputy

---

Attorney for : Plaintiff
 **JEFFREY L RAIZNER
 DOYLE RAIZNER LLP
 2402 DUNLAVY ST
 HOUSTON  TX 77006
 713-571-1146**
 jraizner@doyleraizner.com

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID



**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-15-02510

Court No: 160th District Court

Style: MAINALI CORPORATION
vs.
COVINGTON SPECIALTY INSURANCE COMPANY et al

Received this Citation the _____ day of _____, 20_____ at _____ o'clock. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock, by delivering to the within named _____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20_____ at _____ o'clock ____.M. Executed at _____, within the County of _____, State of _____, on the _____ day of _____, 20_____, at _____ o'clock ____ .M. by summoning the within named Corporation, _____ by delivering to _____
_____ President - Vice President - Registered Agent - in person, of the said
_____
a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:      To certify which witness by my hand.

| | | | |
|---|---|---|---|
| For Serving Citation | $_____ | Sheriff | _____ |
| For Mileage | $_____ | County of | _____ |
| For Notary | $_____ | State of | _____ |
| Total Fees | $_____ | By | _____ |

(Must be verified if served outside the State of Texas)
State of _____
County of _____
       Signed and sworn to me by the said _____ before me this_____
day of _____, 20_____, to certify which witness my hand and seal of office.

Seal                                                State & County of _____

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**ENGLE MARTIN & ASSOCIATES, INC.,**
**BY SERVING REGISTERED AGENT CORP SERVICE COMPANY**
**211 EAST 7TH ST**
**AUSTIN TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the
clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MAINALI CORPORATION**

Filed in said Court **2nd day of March, 2015** against

**COVINGTON SPECIALTY INSURANCE COMPANY , ENGLE MARTIN & ASSOCIATES INC AND LYNN SUMMERS**

For Suit, said suit being numbered **DC-15-02510,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition ,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 12th day of March, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By_____, Deputy
/s/ Carmen Moorer-
    CARMEN MOORER

---

# CITATION

## DC-15-02510

**MAINALI CORPORATION**
**vs.**
**COVINGTON SPECIALTY**
**INSURANCE COMPANY et al**

ISSUED THIS
**12th day of March, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

---

**Attorney for Plaintiff**
JEFFREY L RAIZNER
2402 DUNLAVY ST
HOUSTON TX  77006
713-571-1146
jraizner@doyleraizner.com

## DALLAS COUNTY
## SERVICE FEES
## NOT PAID

## OFFICER'S RETURN

Case No. : DC-15-02510

Court No.160th District Court

Style: MAINALI CORPORATION

vs.

COVINGTON SPECIALTY INSURANCE COMPANY et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____ day of _____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

|  |  |  |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**LYNN SUMMERS**
**13840 JAMES RANCH COURT**
**JUSTIN TX 76247**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the
clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MAINALI CORPORATION**

Filed in said Court **2nd day of March, 2015** against

**COVINGTON SPECIALTY INSURANCE COMPANY , ENGLE MARTIN & ASSOCIATES INC AND LYNN SUMMERS**

For Suit, said suit being numbered **DC-15-02510,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition ,
a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 12th day of March, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____/s/ Carmen Moorer_____, Deputy
　　　　CARMEN MOORER

---

**ESERVE**

# CITATION

## DC-15-02510

**MAINALI CORPORATION**
vs.
**COVINGTON SPECIALTY**
**INSURANCE COMPANY et al**

ISSUED THIS
**12th day of March, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  CARMEN MOORER, Deputy

**Attorney for Plaintiff**
JEFFREY L RAIZNER
2402 DUNLAVY ST
HOUSTON TX  77006
713-571-1146
jraizner@doyleraizner.com

**DALLAS COUNTY**
**SERVICE FEES**
**NOT PAID**

## OFFICER'S RETURN

Case No. : DC-15-02510

Court No.160th District Court

Style: MAINALI CORPORATION

vs.

COVINGTON SPECIALTY INSURANCE COMPANY et al

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____ day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FIL...
DALLAS COUN...
3/19/2015 1:40:36 ...
FELICIA PI...
DISTRICT CL...

Dianne Coffey

# 160th District Court of DALLAS County, Texas
600 COMMERCE STREET, ROOM 640 DALLAS TX 75202

## Case #: DC-15-02510

MAINALI CORPORATION

*Plaintiff*
*vs*
COVINGTON SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES INC AND LYNN
SUMMERS

*Defendant*

### RETURN OF SERVICE

I, Floyd J Boudreaux, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 03/13/15 10:14 am, instructing for same to be delivered upon
Covington Specialty Insurance Company By Delivering To Its Commissioner Of
Insurance.

| | |
|---|---|
| That I delivered to | : Covington Specialty Insurance Company By Delivering To Its |
| | : Commissioner Of Insurance. By Delivering to Letitia Wilhelm, |
| | : Program Specialist |
| the following | : CITATION; PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND |
| at this address | : 333 Guadalupe |
| | : Austin, Travis County, TX 78714-9104 |
| Manner of Delivery | : by PERSONALLY delivering the document(s) to the person above. |
| Delivered on | : MAR 13, 2015 11:05 am |

My name is Floyd J Boudreaux, my date of birth is JAN 10th, 1943, and my address is
Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and
U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, State of Texas, on the ___13___ day of

___MAR___. 20_15_.

Floyd J Boudreaux                                          Declarant

Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc          PCP Inv#: Z15300108
103 Vista View Trail Spicewood TX 78669           SO  Inv#: A15302747
(512) 477-3500

AX02A15302747                    + Service Fee:   65.00
tomcat                             Witness Fee:     .00
                                   Mileage Fee:     .00
                                                Raizner, Jeffrey L.
                                                      E-FILE RETURN

DELIVERED THIS _____ DAY OF _____

BY _____

PROFESSIONAL CIVIL PROCESS

ESERVE (COI)

**FORM NO. 353-4—CITATION**
~~THE STATE OF TEXAS~~

**CITATION**

To:  **COVINGTON SPECIALTY INSURANCE COMPANY**
**SERVE COMMISSIONER OF INSURANCE**
**333 GUADALUPE**
**AUSTIN TX 78714-9104**

| No.: DC-15-02510 |

**945 E PACES FERRY RD STE 1800, ATLANTA, GA 30326-1160**

**MAINALI CORPORATION**
**VS.**
**COVINGTON SPECIALTY INSURANCE**
**COMPANY ET AL**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and  petition, a default judgment may be taken against you.
 Your answer should be addressed to the clerk of the **160th District Court**
at 600 Commerce Street, Dallas, Texas 75202.

Said **PLAINTIFF** being **MAINALI CORPORATION**

Filed in said Court 2nd day of March, 2015 against
**COVINGTON SPECIALTY INSURANCE COMPANY , ENGLE MARTIN & ASSOCIATES INC AND**
**LYNN SUMMERS**

For suit, said suit being numbered   **DC-15-02510**  the nature of which demand is as follows:
Suit On  **INSURANCE** etc.
as shown on said petition, a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
 Given under my hand and the Seal of said Court at office **on this the 12th day of March, 2015**
ATTEST: FELICIA PITRE
Clerk of the District Courts of Dallas, County, Texas

/s/ Carmen Moorer
By_____, Deputy
      **CARMEN MOORER**

**ISSUED**
**ON THIS THE 12TH DAY OF MARCH,**
**2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By **CARMEN MOORER**, Deputy

Attorney for : Plaintiff
**JEFFREY L RAIZNER**
**DOYLE RAIZNER LLP**
**2402 DUNLAVY ST**
**HOUSTON  TX 77006**
**713-571-1146**
jraizner@doyleraizner.com

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID



**OFFICER'S RETURN**
**FOR INDIVIDUALS**

Cause No. DC-15-02510

Court No: 160th District Court

Style: MAINALI CORPORATION
vs.
COVINGTON SPECIALTY INSURANCE COMPANY et al

Received this Citation the _____ day of _____, 20____ at_____ o'clock. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20____, at _____ o'clock, by delivering to the within named_____ each in person, a copy of this Citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

**OFFICER'S RETURN**
**FOR CORPORATIONS**

Received this Citation the _____ day of _____, 20____ at_____ o'clock ____.M. Executed at _____, within the County of _____, State of_____, on the _____ day of _____, 20____, at _____ o'clock ____.M. by summoning the within named Corporation, _____ by delivering to _____
_____ President – Vice President – Registered Agent - in person, of the said _____
_____ a true copy of this citation together with the accompanying copy of Plaintiff's original petition, having first indorsed on same the date of delivery.

----------000000----------

The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:     To certify which witness by my hand.

| | | | |
|---|---|---|---|
| For Serving Citation | $_____ | Sheriff | _____ |
| For Mileage | $_____ | County of | _____ |
| For Notary | $_____ | State of | _____ |
| Total Fees | $_____ | By | _____ |

(Must be verified if served outside the State of Texas)
State of_____
County of_____
        Signed and sworn to me by the said_____before me this_____
day of_____, 20_____, to certify which witness my hand and seal of office.

        Seal                                    State & County of _____
                                                _____

FILED
DALLAS COUN
3/19/2015 1:41:28
Dianne Coffey                          FELICIA P
DISTRICT CL

## 160th District Court of DALLAS County, Texas
600 COMMERCE STREET, ROOM 640 DALLAS TX 75202

## Case #: DC-15-02510

MAINALI CORPORATION

*Plaintiff*
**vs**
COVINGTON SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES INC AND LYNN
SUMMERS

*Defendant*

### RETURN OF SERVICE

I, Floyd J Boudreaux, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 03/13/15 10:13 am, instructing for same to be delivered upon Engle
Martin & Associates, Inc. By Delivering To Its Reg. Agent Corporate Service Company.

That I delivered to    : Engle Martin & Associates, Inc. By Delivering To Its Reg. Agent
                       : Corporate Service Company. By Delivering to Sue Vertrees,
                       : Customer Service

the following          : CITATION; PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

at this address        : 211 East 7th St.
                       : Austin, Travis County, TX 78701

Manner of Delivery     : by PERSONALLY delivering the document(s) to the person above.

Delivered on           : MAR 13, 2015 11:20 am

My name is Floyd J Boudreaux, my date of birth is JAN 10th, 1943, and my address is
Professional Civil Process Downtown, 2211 S. IH 35, Suite 203, Austin TX 78741, and
U.S.A.  I declare under penalty of perjury that the foregoing is true and correct.
Executed in Travis County, State of Texas, on the _____13_____ day of

_____MAR____, 20_15_.

                                                                    Declarant
                              Floyd J Boudreaux

                    Texas Certification#: SCH-3506 Exp. 02/28/17

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: Z15300109
103 Vista View Trail Spicewood TX 78669         SO  Inv#: A15302754
(512) 477-3500
                                        + Service Fee:  65.00
                                          Witness Fee:   .00
     AX02A15302754                        Mileage Fee:   .00
tomcat                                  Raizner, Jeffrey L.
                                                      **E-FILE RETURN**

**DELIVERED THIS____DAY OF____**
**BY_____**
**PROFESSIONAL CIVIL PROCESS**

## FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

    **ENGLE MARTIN & ASSOCIATES, INC.,**
    **BY SERVING REGISTERED AGENT CORP SERVICE COMPANY**
    **211 EAST 7TH ST**
    **AUSTIN TX 78701**

GREETINGS:
You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **160th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **MAINALI CORPORATION**

Filed in said Court **2nd day of March, 2015** against

**COVINGTON SPECIALTY INSURANCE COMPANY , ENGLE MARTIN & ASSOCIATES INC AND LYNN SUMMERS**

For Suit, said suit being numbered **DC-15-02510,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 12th day of March, 2015.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

                      /s/ Carmen Moorer
        By_____, Deputy
              CARMEN MOORER



---

**ESERVE**

# CITATION

## DC-15-02510

---

**MAINALI CORPORATION**
vs.
**COVINGTON SPECIALTY INSURANCE COMPANY et al**

ISSUED THIS
**12th day of March, 2015**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: CARMEN MOORER, Deputy

---

**Attorney for Plaintiff**
JEFFREY L RAIZNER
2402 DUNLAVY ST
HOUSTON TX 77006
713-571-1146
jraizner@doyleraizner.com

# DALLAS COUNTY
# SERVICE FEES
# NOT PAID

# OFFICER'S RETURN

Case No. : DC-15-02510

Court No.160th District Court

Style: MAINALI CORPORATION

vs.

COVINGTON SPECIALTY INSURANCE COMPANY et al

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____at _____o'clock_____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:   To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $ _____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |
| | (Must be verified if served outside the State of Texas.) | |

Signed and sworn to by the said_____before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

FILED
DALLAS COUNTY
3/25/2015 10:31:52 AM
FELICIA PITRE
DISTRICT CLERK

# 160th District Court of DALLAS County, Texas
600 COMMERCE STREET, ROOM 640 DALLAS TX 75202

## Case #: DC-15-02510

MAINALI CORPORATION

*Plaintiff*
**VS**
COVINGTON SPECIALTY INSURANCE COMPANY, ENGLE MARTIN & ASSOCIATES INC AND LYNN SUMMERS

*Defendant*

### RETURN OF SERVICE

I, John H Stearns, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to this action, nor interested in outcome of the suit.  That I received the documents stated below on 03/13/15 10:39 am, instructing for same to be delivered upon Summers, Lynn.


That I delivered to      : Summers, Lynn.

the following            : CITATION; PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

at this address          : 808 W University Dr
                         : Denton, Denton County, TX 76201

Manner of Delivery       : by PERSONALLY delivering the document(s) to the person above.

Delivered on             : March 23, 2015 2:08 pm



My name is John H Stearns, my date of birth is August 12th, 1968, and my address is Professional Civil Process Dallas, Inc., 2206 Century Center Blvd., Irving TX 75062, and U.S.A.   I declare under penalty of perjury that the foregoing is true and correct.

Executed in Dallas County, State of Texas, on the ___24___ day of
_____Mar_____, 20_15_.

_____
                                                    Declarant
John H Stearns

                    Texas Certification#: SCH-8853 Exp. 07/31/17

Private Process Server
Professional Civil Process Of Texas, Inc        PCP Inv#: D15300440
103 Vista View Trail Spicewood TX 78669         SO  Inv#: A15302753
(512) 477-3500

AX02A15302753                    + Service Fee:    .00
                                   Witness Fee:    .00
                                   Mileage Fee:    .00
pisculli                         Raizner, Jeffrey L.
                                              **E-FILE RETURN**

FILED
DALLAS COUNTY
4/6/2015 3:34:32 PM
FELICIA PITRE
DISTRICT CLERK

Cause No. DC-15-02510

| | | |
|---|---|---|
| MAINALI CORPORATION | § | IN THE DISTRICT COURT OF |
| | § | |
| V. | § | DALLAS COUNTY, TEXAS |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY, ENGLE MARTIN & | § | |
| ASSOCIATES, INC., AND | § | |
| LYNN SUMMERS | § | 160th JUDICIAL DISTRICT |

### PLAINTIFF'S NOTICE OF CHANGE IN FIRM AFFILIATION

Plaintiff's counsel files this Notice of Change in Firm Affiliation and hereby provides notice that effective April 1, 2015, Jeff Raizner, Raizner Slania LLP, is designated as lead counsel in this matter with the following contact information:

Raizner Slania LLP
2402 Dunlavy St.
Houston, Tx. 77006
Phone:  713.554.9099
Fax: 713.554.9098
efile@raiznerlaw.com

Plaintiff further provides notice that Michael P. Doyle is not affiliated with the law firm of Raizner Slania LLP and Plaintiff requests that this Court remove them from the service list.

Respectfully submitted,

/s/ Jeffrey L. Raizner
**RAIZNER SLANIA LLP**
JEFFREY L. RAIZNER
State Bar No. 00784806
jraizner@raiznerlaw.com
ANDREW P. SLANIA
State Bar No. 24056338
aslania@raiznerlaw.com
AMY HARGIS
State Bar No. 24078630

ahargis@raiznerlaw.com
2402 Dunlavy St.
Houston, Texas 77006
Phone:  713.554.9099
Fax: 713.554.9098

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Notice of Change in Firm Affiliation was furnished via electronic filing, U.S. Mail and/or facsimile to all counsel of record on April 2, 2015:

/s/Jeffrey L. Raizner
**JEFFREY L. RAIZNER**

FILED
DALLAS COUNTY
4/3/2015 3:34:07 PM
FELICIA PITRE
DISTRICT CLERK

CAUSE NO. DC-15-02510

| | | |
|---|---|---|
| MAINALI CORPORATION, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | 191st JUDICIAL DISTRICT |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY, ENGLE | § | |
| MARTIN & ASSOCIATES, INC., AND | § | |
| LYNN SUMMERS | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants Covington Specialty Insurance Company, Engle Martin & Associates, Inc., and Lynn Summers file their Original Answer in response to Plaintiff's Original Petition and shows as follows:

### I.
### GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants generally deny each and every, all and singular, the allegations stated in Plaintiff's Original Petition, and since they are allegations of fact, demand strict proof thereof by a preponderance of the credible evidence in accordance with the laws of the State of Texas.

### II.
### DEMAND FOR APPRAISAL/CONDITION PRECEDENT

On March 30, 2015, Covington Specialty Insurance Company ("Covington"), invoked its right and issued a formal demand for appraisal to Plaintiff pursuant to the following policy conditions:

### E.  Loss Conditions

* * *

### 2.  Appraisal

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

a.   Pay its chosen appraiser; and

b.   Bear the other expenses of the appraisal and umpire equally.

If there is an appraiser, we will still retain our right to deny the claim.

Because Covington has invoked the appraisal process pursuant to the terms of the contract of insurance between Plaintiff and Covington, and the appraisal process is still under way, Plaintiff has not satisfied all conditions precedent to filing or maintaining suit against Covington, and Covington denies that Plaintiff has satisfied all conditions precedent to bringing suit.

By invoking appraisal, Covington does not waive any coverage defenses or limitations supported by the terms, conditions, and exclusions included in the Policy or applicable law.

### III.
### VERIFIED PLEA IN ABATEMENT

On March 2, 2015, Plaintiff filed suit seeking recovery against all Defendants under Chapter 541, subchapter B of the Texas Insurance Code.  Prior to seeking recovery under Chapter 541, subchapter B of the Texas Insurance Code, Plaintiff is required to provide written notice to all Defendants "not later than the 61st day before the date the action is filed." TEX. INS. CODE § 541.154. Additionally, the Insurance Code requires that the written notice state Plaintiff's specific

complaint, along with the amount of his damages and expenses, if any, including attorney's fees reasonably incurred in asserting the claim. *Id.*

Plaintiff did not give the required 60-day notice before filing suit. Defendants Engle Martin & Associates, Inc. and Lynn Summers have not received any written notice of Plaintiff's Insurance Code claims as required by Section 541.154 of the Texas Insurance Code. Likewise, Defendant Covington has not received any written notice that satisfies the Insurance Code requirement to provide notice of the specific complaint, damages and expenses being claimed. Accordingly, Defendants file this plea in abatement, pursuant to Section 541.155 of the Texas Insurance Code, to abate Plaintiff's action against Defendants until 60 days after notice is provided in compliance with the Insurance Code. *Id.* Defendants should have the opportunity, before litigation is pending, to evaluate whether to avail themselves of the Insurance Code's provisions.

Plaintiff's failure to provide the required statutory written notice has been verified. Therefore, this suit shall be automatically abated without order of the Court beginning on the 11th day after the filing of the plea in abatement, unless Plaintiff files a controverting affidavit, in accordance with Section 541.155(c)(2) of the Insurance Code. Accordingly, this suit must be abated a full 60 days after Plaintiff serves proper written notice(s) of its Insurance Code claims.

## IV.
## PRAYER

WHEREFORE, Covington Specialty Insurance Company, Engle Martin & Associates, Inc., and Lynn Summers respectfully pray that Plaintiff take nothing by its suit herein, and for all other relief to which Defendants are justly entitled.

Respectfully submitted,

/s/Harrison H. Yoss
Harrison H. Yoss
State Bar No. 22169030
Daniel P. Buechler
State Bar No. 24047756

THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas  75201
Telephone:  (214) 871-8200
Facsimile:  (214) 871-8209
Email:  hyoss@thompsoncoe.com
        dbuechler@thompsoncoe.com

**COUNSEL FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 3, 2015 a true and correct copy of the foregoing has been forwarded to counsel of record in accordance with the Texas Rules of Civil Procedure.

Jeffrey L. Raizner
Andrew P. Slania
Amy B. Hargis
DOYLE RAIZNER LLP
2402 Dunlavy Street
Houston, Texas  77006
**COUNSEL FOR PLAINTIFF**

/s/Daniel P. Buechler
Daniel P. Buechler

## <u>VERIFICATION</u>

STATE OF ___GA___                                        §
COUNTY OF _Gwinnett_                                     §
                                                        §

     BEFORE ME, the undersigned authority, on this day personally appeared Jonna Holm, who being by me first duly sworn, did on her oath depose and say that she is an employee of Covington Specialty Insurance Company, who is duly authorized to verify the foregoing abatement on behalf of Covington Specialty Insurance Company, and upon information and belief that the factual statements contained within are based upon her personal knowledge, true and correct.

_____
Jonna Holm

     SUBSCRIBED AND SWORN TO BEFORE ME this __3__ day of April, 2015.



_____
Notary Public, State of _GEORGIA_

Printed Name of Notary: _Chase Brewster_

My commission expires:

_7/20/15_

<u>VERIFICATION</u> - Solo Page

**VERIFICATION**

STATE OF TEXAS              §
                           §
COUNTY OF DALLAS           §


BEFORE ME, the undersigned authority, on this day personally appeared Lynn Summers, who being by me first duly sworn, did on his oath depose and say that he is an employee of Engle Martin & Associates, Inc., who is duly authorized to verify the foregoing abatement on behalf of Engle Martin & Associates, Inc., and upon information and belief that the factual statements contained within are based upon his personal knowledge, true and correct.

_____
Lynn Summers

SUBSCRIBED AND SWORN TO BEFORE ME this _3rd_ day of April, 2015.


CHERYL BAKER
My Commission Expires
November 10, 2018

_____
Notary Public, State of Texas

Printed Name of Notary: _Cheryl BAKER_

My commission expires:

_11/10/2018_