IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAINALI CORPORATION | § | |
| | § | |
| V. | § | Civil Action No. 3:15-cv-1087 |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY, ENGLE MARTIN & | § | |
| ASSOCIATES, INC., AND | § | |
| LYNN SUMMERS | § | |

## PLAINTIFF'S MOTION TO REMAND

### Table of Contents

Table of Contents ................................................................................................................. 1

Table of Authorities ............................................................................................................. 2

Plaintiff's Motion to Remand ............................................................................................. 4

    Nature of Case and Relief Requested ............................................................................ 4

    Removal & Improper Joinder Standard ........................................................................ 5

    Argument and Authorities .............................................................................................. 6

        A.  Courts Review Pleadings for Purposes of Improper Joinder According to the
        Texas Pleading Standard ............................................................................................ 6

        B.  Under the "Rule 12(b)(6)-type" Analysis, Factual Allegations Provide a Basis
        for Possibility of Liability Against Texas Defendant, Lynn Summers .......................... 10

        C.  Furthermore, Evidence Supports Liability of Summers ........................................... 17

        D.  Remand is Proper Regardless of Whether This Court Incorporates Rule 91(a)
        into its Improper Joinder Analysis; Further, the Cases Relied Upon by Covington
        in Removing this Case are Inapplicable or Distinguishable From the Matter
        Before This Court .......................................................................................................... 19

Certificate of Conference .................................................................................................. 23

Certificate of Service ....................................................................................................... 23

## Table of Authorities

**Cases**

*Admiral Ins. Co. v. Abshire*, 574 F.3d 267 (5th Cir. 2009). ............................................ 6

*Benton v. State Farm Ins. Co.*, No. 4:12-cv-01546, 2012 WL 3780312, slip op. at *2 (S.D. Tex. Aug. 31, 2012) ............................................................................................................ 15

*Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840 (S.D. Tex. 2001) .......................... 11

*Boyles v. Kerr*, 855 S.W.2d 593 (Tex. 1993) .................................................................... 9

*Campbell v. Stone Ins., Inc.*, 509 F.3d 665 (5th Cir. 2007) ............................................... 6

*Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, No. H-10—1846, 2011 WL 240335 (S.D. Tex. Jan. 20, 2011) .............................................................................. 9

*Corfield v. Dallas Glen hills LP*, 355 F.3d 853 (5th Cir. 2003) ........................................ 6

*Conrad v. SIB Mortgage Corp.*, No. 4:14-cv-915-A, 2014 U.S. Dist. LEXIS 159862 (N.D. Tex. Nov. 13, 2014) ........................................................................................................... 19

*Craig Penfold Props v. Travelers Ins. Co.*, No. 3:14-cv-2839, 2014 WL 4055356 (N.D. Tex. Aug. 14, 2014). ............................................................................................................. 20

*D'Souza v. The Peerless Indemnity Insurance Company*, No. H-10-4431, 2011 WL 285154 (S.D. Tex. Jan. 25, 2011) ........................................................................................................ 8

*De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x. 533 (5th Cir. 2005) ................. 7

*Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11–cv–739–L, 2011 WL 6937377 (N.D. Tex. Dec. 30, 2011) .................................................................................................... 8, 15

*Edwea, Inc. v. Allstate Ins. Co.*, No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010) ....... 10

*Espinoza v. Companion Commercial Ins. Co.*, No. 7:12-cv-494, 2013 WL 245032 (S.D. Tex. Jan. 22, 2013) ................................................................................................................. 7, 10

*Gasch v. Hartford Accident & Indemn. Co.*, 491 F.3d 278 (5th Cir. 2007) .......................... 10, 11, 18

*Gutierrez v. Companion Prop. & Cas. Ins. Co.*, No. M-12-326, 2012 WL 5943617 (S.D. Tex. Nov. 27, 2012). ................................................................................................................7

*Gutierrez v. Flores*, 543 F.3d 248 (5th Cir. 2008) ..........................................................5, 6

*Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887 (Tex. 2000) .................................9

*Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482 (Tex. 1998)......................10

*Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-cv-575-B, 2014 WL 3855238 (N.D. Tex. Aug. 5, 2014). ................................................................................................................20

*Sahinkaya v. Travelers Indem. Co.*, No. 3:10-cv-0717-B, 2010 WL 3119423 (N.D. Tex. Aug. 5, 2010) ................................................................................................................15

*Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11–cv–971–O–BK, 2012 WL 176572 (N.D. Tex. Jan. 6, 2012) ..........................................................................................7, 15

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004) (en banc). ...................................6, 7

*Stevenson v. Allstate Texas Lloyd's*, No. 11-cv-3308, 2012 WL 360089 (S.D. Tex. Feb. 1, 2012) ...7

*Whalen v. Carter*, 954 F.2d 1087 (5th Cir. 1992) ..............................................................6

*Windle v. Synthes USA Products, LLC*, No. 3:11-cv-2591-D, 2012 WL 1252550 (N.D. Tex. Apr. 13, 2012) ..........................................................................................................7, 15

*Yeldell v. Geovera Specialty Ins. Co.*, 2012 WL 5451822 (N.D. Tex. Nov. 8, 2012) ..............7, 8, 15

**Statutes**

28 U.S.C. § 1332(a) ......................................................................................................5

28 U.S.C. § 1441(a) ......................................................................................................5

8 U.S.C. § 1441(a) ........................................................................................................5

TEX. INS. CODE § 541.002 ..............................................................................................10

TEX. INS. CODE § 541.003 ..............................................................................................10

TEX. INS. CODE § 541.151(2) ..........................................................................................10

**Rules**

TEX. R. CIV. PROC. 91(a) ................................................................................................18

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAINALI CORPORATION | § | |
| | § | |
| V. | § | Civil Action No. 3:15-cv-1087 |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY, ENGLE MARTIN & | § | |
| ASSOCIATES, INC., AND | § | |
| LYNN SUMMERS | § | |

## PLAINTIFF'S MOTION TO REMAND

TO THE HONORABLE JUDGE FITZWATER:

Plaintiff MAINALI CORPORATION ("Mainali" or "Plaintiff") respectfully moves to remand this case to the 160th Judicial District Court of Dallas County, Texas, and in support thereof would respectfully show the Court the following:

### NATURE OF CASE AND SUMMARY OF RELIEF REQUESTED

1.     On March 2, 2015, Mainali filed suit to recover for violations of the Texas Insurance Code (as well as other contract and common-law claims). The Defendants include Covington Specialty Insurance Company ("Covington"), Engle Martin & Associates, Inc. ("Engle Martin") and Lynn Summers ("Mr. Summers") (together "Defendants"), each of whom participated in the handling and ultimate delay of Plaintiff's insurance claim. The claim arose from a fire on April 13, 2014. *See* Appendix at 1–11. Covington removed the case, claiming improper joinder of adjuster Lynn Summers, a Texas resident. Covington's only basis for removal is that Summers was improperly joined, and in making this assertion, Covington focuses solely on the

4

allegations in the state court pleading.

2.      As Covington's entire argument is based solely on Plaintiff's pleading filed in state court and Plaintiff's petition meets the standard of a state-court pleading, even in light of Rule 91(a), the Court should grant Plaintiff's request for remand. Plaintiff's state-court pleading survives the standard of stating a claim against Texas Defendant Summers under Texas' "fair notice" pleading requirement because the allegations, if true, create a reasonable likelihood of recovery against Summers.   In order for the Court to accept Admiral's position, it must agree that Covington has met its heavy removal burden in proving that no reasonable possibility of recovery exists against Summers under Texas law. Because Covington cannot show that no reasonable possibility of recovery exists against Texas Defendant Summers—and in fact, Plaintiff's petition and supporting demonstrate otherwise—Covington has not met its heavy removal burden. Therefore, Plaintiff respectfully requests that the Court remand this case back to state court.

## REMOVAL & IMPROPER JOINDER STANDARD

3.      A defendant is permitted to remove an action filed in state court to federal court only if the action is one which would have properly been filed in federal court. *See* 28 U.S.C. § 1441(a). "Because removal raises significant federalism concerns, the removal statue is strictly construed." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). An action is properly filed in federal court if the federal court has original jurisdiction over the matter, such as diversity jurisdiction. *See id.*; 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship:   A

district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)).

4.     In determining diversity jurisdiction, a federal court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc). A party that removes a case to federal court on the basis of diversity jurisdiction, claiming improper joinder of a local defendant, bears the burden of demonstrating that removal is proper. *Id.* at 575. "The doctrine of improper joinder is a narrow exception to the rule of complete diversity, and the burden of persuasion on those who claim fraudulent joinder is a heavy one." *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007); *see also Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Any doubts concerning removal must be resolved in favor of remand. *Gutierrez*, 543 F.3d at 251. The Fifth Circuit applies a *de novo* review standard to a district court's remand decision. *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 272 (5th Cir. 2009). Here, the record demonstrates that Covington has failed to meet its removal burden under the improper joinder framework. Remand of this case is therefore proper.

<u>**ARGUMENTS AND AUTHORITIES**</u>

*A.  Federal Courts Review Petitions for Purposes of Improper Joinder According to the Texas "Fair Notice" Pleading Standard.*

5.     In the absence of actual fraud, in order to establish improper joinder, the removing party bears a "heavy" burden in proving there is no reasonable possibility the

6

plaintiff can establish a cause of action against the non-diverse defendant in state court. *Smallwood,* 385 F.3d at 573; *Travis*, 326 F.3d at 649. In looking whether a plaintiff states a claim under state law against the in-state defendant, the federal court conducts a "Rule 12(b)(6)-type analysis" and looks at whether the allegations in the state-court pleading state a claim under state law against the in-state defendant. *Smallwood*, 385 F.3d at 573. All allegations are viewed in the light most favorable to the plaintiff and all contested issues of substantive fact must be resolved in the plaintiff's favor *Id.*

6.     The "12(b)(6)-*type* analysis" is distinguishable from a "pure 12(b)(6) analysis" because "in the improper joinder context, the Court evaluates the petition under the state court pleading standards." *Gutierrez v. Companion Prop. & Cas. Ins. Co.,* No. M-12-326, 2012 WL 5943617, at *1 (S.D. Tex. Nov. 27, 2012). The Fifth Circuit, along with most district courts in Texas, look to Texas' "fair notice" pleading standard to determine whether plaintiff stated a claim for relief against the in-state defendant. *See Hutchens v. Smith & Nephew, Inc.*, No. 3:13-cv-4979-B, 2014 U.S. Dist. LEXIS 116839, at *11 (N.D. Tex. Aug. 22, 2014) (McBryde, J.); *Espinoza v. Companion Commercial Ins. Co.,* No. 7:12-cv-494, 2013 WL 245032, at *1 (S.D. Tex. Jan. 22, 2013 (Alvarez, J.); *De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x. 533, 537–38 (5th Cir. 2005) (Reavley, J.) (unpub.); *Yeldell v. Geovera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, slip op. at *1 (N.D. Tex. Nov. 8, 2012) (Lynn, J.); *Windle v. Synthes USA Products, LLC*, No. 3:11-cv-2591-D, 2012 WL 1252550, slip op. at *4 (N.D. Tex. Apr. 13, 2012) (Fitzwater, J.); *Stevenson v. Allstate Texas Lloyd's,* No. 11-cv-3308, 2012 WL 360089, at *4 (S.D. Tex. Feb. 1, 2012) (Ellison, J.); *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11–cv–971–O–

BK, 2012 WL 176572, slip op. at *3–4 (N.D. Tex. Jan. 6, 2012) (Toliver, Mag. J.); *Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11–cv–739–L, 2011 WL 6937377, slip op. at *5 (N.D. Tex. Dec. 30, 2011) (Lindsay, J.); *D'Souza v. The Peerless Indemnity Insurance Company,* No. H-10-4431, 2011 WL 285154, at *2 (S.D. Tex. Jan. 25, 2011) (Rosenthal, J.); *Smith v. Shred–It USA*, No. 3:10–cv–831–O–BK, 2010 WL 3733902, at *2–3 (N.D. Tex. Sept. 23, 2010) (O'Connor, J.).

7.     In *Yeldell*, the Plaintiff brought suit against her insurance company and its claim adjuster for the improper handling of her insurance claim for property damage. *Yeldell v. Geovera Specialty Ins. Co.*, 2012 WL 5451822, slip op. at *1 (N.D. Tex. Nov. 8, 2012) (Lynn, J.).  The insurance company removed the case to federal court, claiming improper joinder of the claims adjuster. *Id.*  In explaining why the court applied the Texas pleading standard to factual allegations of the removed petition, it explained that "fundamental fairness compels that the standard applicable at the time the initial lawsuit was filed in state court should govern." *Id.* at *3. As one court in the Southern District of Texas put it:

> The issue of improper joinder here is complicated by the substantial difference in pleading standards between Federal and Texas Rules of Civil Procedure. Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):
>
> A petition is sufficiently pleaded if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993); *In re Credit Suisse First Boston Mortgage Capital, LLC,* 273 S.W.3d 843, 850 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not specifically alleged one of

the elements of a claim); *In re P.D.D.*, 256 S.W.3d 834, 939 (Tex. App.—
Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323
(Tex. App.—Houston [14th Dist.] 2005, no pet.); *Tull v. Tull*, 159 S.W.3d
758, 762 (Tex. App.—Dallas 2005, no pet.) .... *Woolam v. Tussing*, 54 S.W.3d
442. 448 (Tex. App.—Corpus Christi 2001, no pet.) (pleadings will
generally be construed as favorably as possible to the pleader; the court
will look to the pleader's intendment and the pleading will be upheld
even if some element of a cause of action has not been specifically alleged,
and every fact will be supplied that can reasonably be inferred from what
is specifically stated) ....

*See also* 58 Tex. Jur.3d Pleading § 102 (Database updated October 2010)
("In the absence of a special exception, a pleading will be construed
liberally in the pleader's favor, and every reasonable intendment will be
indulged in favor of the pleading. The court will seek to discover the
intendment of the pleader; and the pleading may be upheld even if some
element of the cause of action or defense has not been specifically alleged.
Every fact will be supplied that may reasonably be inferred or regarded as
being implied by what is specifically stated.") (footnote citations omitted).

…

Because the Original Petition here was pleaded in Texas state court in
accordance with the Texas pleading standard, it would be unfair to hold it
to the more stringent standard in federal court.

*Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, No. H-10—1846, 2011 WL

240335, slip op. at *12-14 (S.D. Tex. Jan. 20, 2011) (Harmon, J.).

8.      The Texas pleading standard is less stringent than its federal counterpart.

"Texas follows a 'fair notice' standard for pleading, which looks to whether the

opposing party can ascertain from the pleading the nature and basic issues of the

controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*,

34 S.W.3d 887, 896 (Tex. 2000). Stated differently, the plaintiff's state-court petition is

sufficiently pled if a court can reasonably infer a cause of action from what is stated.

*Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).   A party's pleadings are construed

liberally in favor of the pleader. *Auld*, 34 S.W.3d at 896.  In the context of removal on the

basis of improper joinder, in order to satisfy its burden, the removing party must prove

that no possibility of recovery exists against the in-state defendant because plaintiff's

petition does not state any causes of action exist against the in-state defendant

according to the "fair notice" standard. *See Espinoza,* No. 7:12-cv-494, 2013 WL 245032,

at *1 n. 14 ("For Judge Rosenthal's thorough explanation of why the Court uses the state

court pleading standards in the improper joinder context, *see Edwea, Inc. v. Allstate Ins.

Co.,* No. H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).").

**B.   Under the "12(b)(6)-type Analysis," Factual Allegations Provide a Possibility of
       Recovery Against Texas Defendant, Lynn Summers.**

9.     It is well-settled Texas law that an adjuster can be held individually liable

pursuant to violations of the Texas Insurance Code and the DTPA. *See Liberty Mutual

Ins. Co. v. Garrison Contractors, Inc.,* 966 S.W.2d 482, 485 (Tex.1998)  Chapter 541 of the

Texas Insurance Code expressly provides a cause of action for any practice "specifically

enumerated in a subdivision of Section 17.46 of the DTPA." TEX. INS. CODE ANN. §

541.151(2) (Vernon 2010).

10.    Chapter 541 Subchapter A of the Texas Insurance Code prohibits any

"person" from engaging in deceptive practices in the business of insurance. TEX. INS.

CODE ANN. § 541.003 (Vernon 2010); *see also Gasch v. Hartford Accident & Indemn. Co.,* 491

F.3d 278, 282 (5th Cir. 2007).  A "person" is defined as "any individual, corporation,

association, partnership . . . and any other legal entity engaged in the business of

insurance, including agents, brokers, ***adjusters,*** and life insurance counselors." TEX. INS.

CODE ANN. § 541.002 (Vernon 2010) (emphasis added); *see also Garrison Contractors,* 966

S.W.2d at 486–87 (the definition of a "person" engaged in the business of insurance in Chapter 541, Subchapter A, is not limited to insurers, but includes individuals and company employees, including adjusters); *Gasch*, 491 F.3d at 283–84 (an adjuster can be held liable under the Texas Insurance Code).

11.     Texas' recognition of a licensed adjuster's liability for improperly handling, adjusting and investigating the claim of an insured placed in its control has been repeatedly underscored, and federal courts applying Texas law have also consistently found that individual adjusters are liable for their actions. *See Blanchard v. State Farm Lloyds*, 206 F. Supp.2d 840, 845 (S.D. Tex. 2001) (granting motion to remand and explaining how "Texas law recognize[es] a cause of action against an individual insurance adjuster or agent for acts taken in the course of employment, for which the insurer/employer is also liable"); *see also Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp.2d 667, 671–72 (S.D. Tex. 2011) (granting remand because insurance adjuster may be held liable under insurance code for improper adjustment of claim). In the same vein, the Texas Supreme Court has made it clear that an employee may be held personally liable for his own violations of the DTPA, even where the employee did not know that the representations made on behalf of her employer were false. *Miller v. Keyser*, 90 S.W. 3d 712, 718 (Tex. 2003); *see also Esteban v. State Farm Lloyds*, 23 F. Supp.3d 723, 728–29, 733 (N.D. Tex. 2014) (granting remand and thoroughly explaining adjuster liability under Texas law).

12.     Plaintiff's petition alleges the following:

- On or before April 13, 2014, Mainali entered into a contract with Covington

whereby Covington would provide property insurance for the property located at 2806 Highway 51 FM South, Decatur, Texas 76234 (the "Property") in exchange for the timely payment of premiums under Policy No. VBA25738000 (the "Policy"). The Property consists of a Chevron station and convenience store. The Policy was sold by Covington to Mainali as the insured under the Policy and provides coverage for damages to the Property resulting from fire and also provides coverage for business interruption losses.

- On or about April 13, 2014, the Property was substantially damaged by a fire that broke out at the Property.  As a result, the roof, exterior, electrical systems, HVAC, interiors, inventory, fixtures and other structures of the Property were substantially damaged.  The covered event has also resulted in a loss of business income, otherwise known as business interruption, another coverage specifically afforded to Plaintiff under the Policy.  Upon discovering the damage, Plaintiff immediately filed an insurance claim under the Policy with Covington for damage to the Property and business caused by the fire.  Plaintiff asked that the full extent of the losses be covered pursuant to the Policy.

- Covington is the insurer on the property. Covington assigned adjusters, consultants, and agents to Plaintiff's file that were inadequate and improperly trained.  Specifically, Covington assigned Engle Martin out of Dallas as the third party adjusting firm who in turn assigned its internal adjuster Summers as the adjuster on the file. Covington charged Engle Martin and Summers with responsibility for assessing damages under the Policy and determining what amounts, if any, to pay on the claim.   However, Summers was improperly trained and not equipped to handle this type of claim.

- **Summers conducted an unreasonable and inadequate investigation and denied obvious covered damage to the Property and business.  Summers also grossly undervalued what damage he did accept.   After undervaluing the damage, Engle Martin and Summers further reduced estimated items to diminish the amount payable to Mainali under the Policy.   Covington's coverage decisions relied on Summers' inadequate investigation and representations. Covington, Engle Martin, and Kastens represented to Mainali that certain damages were not covered under the Policy when in fact they were. Based on Summers' inadequate investigation, Defendants only agreed to pay a portion of what was owing on the claim and denied the rest.**

- Mainali was forced to hire a professional representative to seek the coverage under the Policy that Covington sold to Mainali.   Because of the damage caused by the fire and Defendants' delays and refusal to pay for repairs and business losses, the Property sat unrepaired and sustained additional damages. Additionally, because of Defendants' actions, Mainali was unable to re-open the Chevron station and convenience store and Mainali suffered additional damages in the form of lost business income. Defendants have refused to compensate Mainali for his coverage. After agreeing to pay only a fraction of what was due and representing that Mainali did not have the coverage it did, Covington denied

the remainder of Mainali's claim.

- Covington, Engle Martin, and Summers wrongfully denied and delayed Mainali's claim for property repairs and business income losses. Furthermore, Defendants have underestimated damages during their investigation. Defendants have chosen to continue to deny and delay timely payment of the damages. As a result, Mainali has not been fully paid under the Policy provided by Covington since the fire.

- As a result of Defendants' acts and/or omissions, Mainali was required to retain an attorney to prosecute its claim for insurance benefits. Unfortunately, Defendants have delayed payment for Mainali's necessary and covered property repairs under its insurance policy. Given the repeated delays of payment, Mainali has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, Mainali has suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

- Covington, Engle Martin, and Summers failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

- Covington, Engle Martin, and Summers failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

- Covington, Engle Martin, and Summers failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3).

- Covington, Engle Martin, and Summers refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7).

- Covington, Engle Martin, and Summers misrepresented the insurance policy under which it affords property coverage to Mainali, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Covington, Engle Martin, and Summers misrepresented the insurance policy to Mainali, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

- Covington, Engle Martin, and Summers misrepresented the insurance policy under which it affords property coverage to Mainali by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Covington, Engle Martin, and Summers misrepresented the insurance policy to Mainali by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

- Covington, Engle Martin, and Summers misrepresented the insurance policy under which it affords property coverage to Mainali by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material

13

fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Covington, Engle Martin, and Summers misrepresented the insurance policy to Mainali by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

- Covington, Engle Martin, and Summers knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).
- Covington, Engle Martin, and Summers failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).
- Covington, Engle Martin, and Summers failed to timely commence investigation of the claim or to request from Mainali any additional items, statements or forms that Covington, Engle Martin, and Summers reasonably believe to be required from Mainali in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).
- Covington, Engle Martin, and Summers failed to notify Mainali in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Covington, Engle Martin, and Summers in violation of Texas Insurance Code Section 542.056(a).
- Covington, Engle Martin, and Summers delayed payment of Mainali's claim in violation of Texas Insurance Code Section 542.058(a).
- Mainali makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.
- Mainali re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.
- Covington breached its contract with Mainali. As a result of Covington's breach, Mainali suffered legal damages.
- Covington, as the property coverage insurer, had a duty to deal fairly and in good faith with Mainali in the processing of the claim. Covington breached this duty by refusing to properly investigate and effectively denying insurance benefits. Covington knew or should have known that there was no reasonable basis for denying or delaying the required benefits. As a result of Covington's breach of these legal duties, Mainali suffered legal damages.
- Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Mainali's claim for benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Mainali.
- The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a

cause of action under the DTPA.  Defendants' violations of the Texas Insurance
Code, as set forth herein, specifically violate the DTPA as well.

- Covington, Engle Martin, and Summers acted fraudulently as to each
  representation made to Mainali concerned material facts for the reason they
  would not have acted and which Covington, Engle Martin, and Summers knew
  were false or made recklessly without any knowledge of their truth.  The
  representations were made with the intention that they be acted upon by
  Mainali, who relied on those representations, thereby causing injury and damage
  to Mainali.
- Each of the actions described herein were done "knowingly" as that term is used
  in the Texas Insurance Code and were a producing cause of Mainali's damages.

*See* Appendix at 1–11.

13.    Remand is proper where specific and global allegations were made. *See*

*Hutchens,* 2014 U.S. Dist. LEXIS 116839; *Gutierrez,* 2012 WL 5943617, at *1; *Yeldell*, 2012 WL

5451822, at *4; *Benton,* 2012 WL 3780312, at *2; *Windle,* 2012 WL 1252550, at *4; *Shioleno*

*Indus., Inc.,* 2012 WL 176572, at *3; *Durable Specialties, Inc.*, 2011 WL 6937377, at *6;

*Sahinkaya v. Travelers Indem. Co.*, No. 3:10-cv-0717-B, 2010 WL 3119423, at *4 (N.D. Tex.

Aug. 5, 2010).  In *Yeldell*, the plaintiff's petition alleged that property was damaged, that an

adjuster was tasked with handling the claim, and that the adjuster failed to carry out that

task in a manner required by the Texas Insurance Code. *Yeldell*, 2012 WL 5451822, at *4.

Under the "fair notice" pleading standard, those allegations, if proven true, created a

reasonable possibility that plaintiff could prevail on her claims against the adjuster under

Texas law. *Id.*  As such, the insurance company did not meet its heavy burden in proving

that the plaintiff had improperly joined the adjuster and remand was therefore proper. *Id.*

at *4–5.

14.    Additionally, the circumstances of *Benton* are identical to those of this case.

2012 WL 3780312, at *2.  The *Benton* plaintiff property owner filed suit against State Farm

as well as the third party adjusting firm and the adjuster responsible for adjusting Benton's claim. *Id.* at *1.  State Farm filed a Notice of Removal, claiming the Texas-resident adjuster was improperly joined in the state court action. *Id.*  After considering Benton's Motion to Remand, the court explained, "it is State Farm's heavy burden to establish with certainty that the plaintiff has *no reasonable possibility* of recovery against [adjuster] individually." *Id.* at *6 (emphasis in original).  Because State Farm failed to provide any "evidence from which [the court] could forecast that the plaintiff has no reasonable possibility of recovery against [adjuster] in state court," State Farm failed to carry its burden of proving improper joinder and the case was properly remanded back to state court. *Id.*

15.     As the Court must construe Plaintiff's state-court petition liberally in favor of Plaintiff and supply facts which can be reasonably inferred, Plaintiff's pleading comports with the state court's "fair notice" requirements.  The state of the law is clear: the asserted causes of actions against Summers are specific. They include specific factual statements of misconduct which, if proven true, result in liability under Sections 541 and 542 of the Insurance Code and the DTPA. The allegations contained in the state court petition meet the "fair notice" requirements in Texas state court and subject Summers to individual liability under Texas law.  There is no doubt that Defendants ascertained from the pleading the nature and issues of the controversy or could reasonably infer Plaintiff's claims against them from what was stated. Furthermore, Plaintiff complains of Defendants' wrongful denials of their claim, an underestimation of damages, and the failure to reasonably and promptly conclude the claim, among other things. This, along

with the asserted causes of actions of Insurance Code, DTPA and prompt payment violations, meet the "fair notice" requirements in Texas state court.  Although discovery will present an opportunity to flesh out Plaintiff's claims, the allegations in Plaintiff's petition are sufficient to warrant a remand back to state court because the allegations against Summers, if proven true, certainly create a reasonable probability that Plaintiffs could recover from him. S*ee Hutchens*, 2014 U.S. Dist. LEXIS 116839, at *10.

*C.  Furthermore, Evidence Supports Liability of Summers.*

16.     Notwithstanding the proper pleading, evidence supports Plaintiff's claims against Texas Defendant Summers. When a plaintiff's petition omits or misstates facts, the district court should "pierce the pleadings and conduct a summary inquiry" to determine whether a possibility of recovery under state law exists against the in-state defendant. *Smallwood*, 385 F.3d at 573.

17.     After the claim was reported to Covington, Summers was assigned as the adjuster and took over the entire claims handling process. It was Summers who individually investigated, adjusted, evaluated, and made decisions on Plaintiff's claim, as demonstrated by the evidence. At the outset of the claim, Summers met with the insured on April 16, 2014, and confirmed he would be handling the claim from there on out on the carrier's behalf *See* Appendix at 14. Summers retained Unified Building Sciences Inc. ("UBS") as a consultant on the claim and consistently reviewed all of its work. All reports from UBS were made directly to Summers who then reviewed the information and made claim decisions. *See* Appendix at 19–22.

18.     Summers was the adjuster on the insurance claim and made decisions on

17

what amounts to pay and what amounts to deny.  The amount that has been paid on the insurance claim is not enough to cover all of the actual damages. It was Summers who evaluated coverage, requested payments, forwarded checks to the insured, filled out statements of loss, and adjusted the claim. *See* Appendix at 14–33.

19.     Summers performed an unreasonable and inadequate investigation of the insurance claim and undervalued, underpaid, and wrongfully denied damages to the insured. *Id.* Summers refused to acknowledge business income coverage and denied that code upgrade coverage existed under the Policy when in fact it did. *Id.* Based on Summers's actions and/or omissions, Mainali has not been fully compensated on its claim. *Id.* Summers was the adjuster who handled the insurance claim and was the contact-person with whom Mainali and its agent corresponded regarding the claim. *Id.* The state court pleading states, and evidence demonstrates, that Summers was responsible for investigating and handling the claim whose delays and inadequate investigation caused damage to Mainali.

20.     Covington failed to suggest or provide any evidence to its removal that Summers did not adjust Plaintiff's claim. By contrast, Plaintiff has provided evidence demonstrating Summers's handling of the claim directly precipitated the filing of this lawsuit.  Covington appointed Summers as its agent to address Plaintiff's claim, and a cause of action under Texas law potentially exists under these circumstances. *Gasch,* 491 F.3d at 283–84 (recognizing that Hartford was acting through its agent, Frazier).

21.     The evidence unequivocally demonstrates that Summers handled Mainali's insurance claim. Accordingly, Summers was a "person" engaged in the business of

18

insurance as defined by the Texas Insurance Code and there can be no dispute that Summers is subject to personal liability.  Not only has Covington failed to meet its burden in proving *no* possibility of recovery exists against Summers, but the opposite is true—evidence demonstrates Summers is exposed to liability under Texas law for his involvement in the underlying insurance claim that gave rise to this matter.

**D.  Remand is Proper Regardless of Whether This Court Incorporates Rule 91(a) into its Improper Joinder Analysis; Further, the Cases Relied Upon by Covington in Removing this Case are Inapplicable or Distinguishable From the Matter Before This Court.**

22.     Covington asks this Court to alter the improper joinder established by the Fifth Circuit under *Smallwood* and implemented by Texas district courts over the last decade in light of the addition of Rule 91(a) to the Texas Rules of Civil Procedure. *See* Not. of Rem. at p. 4.  Texas Rule 91(a) permits the filing of a motion to dismiss similar to federal Rule 12(b)(6) on the basis that no cause of action exists in law or fact. TEX. R. CIV. PROC. 91(a). As pointed out by Covington, courts in the Northern District have acknowledged the passage of Rule 91(a) when reviewing motions to remand. Importantly, though, Rule 91(a) does not change or modify Texas' long-standing fair notice pleading requirements found in Rule 45 and Rule 47; rather, it simply provides a procedural mechanism for dismissing claims that do not meet the fair notice standard. *Auld*, 34 S.W.3d at 896 (regarding fair notice pleading requirements).

23.     Federal courts reviewing state petitions for improper joinder employ the "Rule 12(b)(6)-*type*" analysis which, as noted above, is distinguishable from a pure Rule 12(b)(6) analysis. Importantly, although federal district courts have acknowledged that Rule 91(a) must be kept in mind, the "12(b)(6)-type" analysis has remained unaffected.

Seemingly recognizing this distinction, Covington believes that "a more stringent federal standard *should* apply" to removed cases. *See* Not. of Rem. at p. 4. Regardless of whether Rule 91(a) is applied or not, as demonstrated above, Plaintiff's petition and the corresponding evidence create a reasonable probability of recovery against Texas Defendant Summers.

24.     Additionally, the cases cited by Covington in support of its request for this Court to employ a stricter standard than what is required by the "12(b)(6)-type" analysis are distinguishable from this case and do not support the relief that Covington requests. In *Conrad v. SIB Mortgage Corp.*, the court's holding rested on the conclusion that the in-state defendant did not have "fair notice" of plaintiff's claims against him because the only mention of him in the petition was his identification as a defendant. No. 4:14-cv-915-A, 2014 U.S. Dist. LEXIS 159862, at *2 n. 4 (N.D. Tex. Nov. 13, 2014) (McBryde, J.). Rule 91(a) had no effect on this conclusion. *Id.* Identification of a party as a defendant without any further facts against him is not sufficient fair notice under any relevant standard. The facts and circumstances of this matter and the pleadings before this Court are entirely different. *See id.*

25.     In *Craig Penfold Props v. Travelers Ins. Co.*, while the court acknowledged Rule 91(a), it did not affect the court's analysis. No. 3:14-cv-2839, 2014 WL 4055356, at *4 (N.D. Tex. Aug. 14, 2014). The court "pierce[d] the pleadings and conduct[ed] a summary inquiry" to determine if there was a reasonable likelihood of recovery against Unified Building Sciences & Engineering, Inc. ("UBSE"). *Id.* No recovery existed against UBSE because Texas law explicitly precludes recovery against consulting engineers involved in

the claims adjustment process. *Id.* Under Texas law, engineering firms are not 'engaged in the business of insurance' under the Texas Insurance Code. *Id.* at *13–14. Because the causes of action alleged were legally improper, no potential recovery existed against UBSE, the only in-state defendant. *Id.* at *14. Notably, the court specifically acknowledged that adjusters are subject to liability under Texas law as opposed to engineering consultants such as UBSE. Here, Mainali has brought suit against the individual adjuster, not the engineer, who is expressly liable under Texas law, as explained above.

26.     *Oldham v. Nationwide Ins. Co. of Am.* was an employment dispute between Nationwide and an agent selling Nationwide policies, plaintiff Oldham. No. 3:14-cv-575-B, 2014 WL 3855238, at *9 (N.D. Tex. Aug. 5, 2014). The court acknowledged Rule 91(a) but pointed out how Texas courts have provided little guidance on harmonizing the Rule with Texas' longstanding "fair notice" pleading standard in Rules 45 and 47. *Id.* Nevertheless, the court reviewed the petition under the "fair notice" pleading standard and found that remand was proper. The court noted that, while the "allegations are not as factually specific and exhaustive as possible," a claim for fraud against the in-state defendant was nevertheless stated in the petition pursuant to Texas' fair notice pleading standard. *Id.* The court also noted that "the default paradigm is that federal courts lack jurisdiction, and doubts are to be resolved in favor of remand." *Id.* (citing *Gasch*, 491 F.3d at 281–82).

27.     Given the allegations in Mainali's state court pleading in addition to the evidence before this Court, there can be no legitimate basis for the delay imposed by the improvident removal of this case. Causes of action properly exist against Texas Defendant Summers and Covington has not met its heavy removal burden in proving otherwise.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be remanded for all further proceedings to the 160th Judicial District Court of Dallas County, Texas, and for such other and further relief to which Plaintiff may be properly entitled.

Respectfully Submitted,

RAIZNER SLANIA LLP

_____

JEFFREY L. RAIZNER
State Bar No. 00784806
jraizner@raiznerlaw.com
ANDREW P. SLANIA
State Bar No. 24056338
aslania@raiznerlaw.com
AMY HARGIS
State Bar No. 24078630
ahargis@raiznerlaw.com
2402 Dunlavy St.
Houston, Texas 77006
Phone:  713.554.9099
Fax: 713.554.9098


-and-


/s/ Luke Metzler
LUKE METZLER
State Bar No. 24072902
lmetzler@millerweisbrod.com
11551 Forest Central Drive, Suite 300
Dallas, Texas 75243
Phone: 214.987.0005
Fax: 214.987.2545

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, do hereby certify that on the 4th day of June, 2015, counsel for Plaintiff conferred with counsel for Defendant regarding this Motion to Remand and an agreement could not be reached between the parties.

_____
Jeffrey L. Raizner

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was furnished via electronic filing, U.S. Mail and/or facsimile to all counsel of record on June 5, 2015.

Harrison H. Yoss
State Bar No. 22169030
Daniel P. Buechler
State Bar No. 24047756
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone: (214) 871-8200
Facsimile: (214) 871-8209
**COUNSEL FOR DEFENDANTS COVINGTON
SPECIALTY INSURANCE COMPANY, ENGLE
MARTIN & ASSOCIATES, INC., AND
LYNN SUMMERS**

_____
JEFFREY L. RAIZNER