IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAINALI CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-1087-D |
| VS. | § | |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Mainali Corporation ("Mainali") moves to remand this removed case, contending that the parties are not completely diverse because defendant Lynn Summers ("Summers")—an insurance adjuster—is a Texas citizen.  Defendant Covington Specialty Insurance Company ("Covington") opposes the motion, asserting that the citizenship of Summers must be disregarded because he has been improperly joined.  Concluding that Covington has met its heavy burden of establishing improper joinder, the court denies Mainali's motion.

I

This lawsuit arises in connection with a fire that damaged Mainali's property, a Chevron station and convenience store (the "Property").  According to Mainali's state-court original petition ("petition"), Covington insured the Property under a policy (the "Policy") that covered fire damage and business interruption losses; Covington assigned Engle Martin and Associates, Inc. ("Engle Martin") as the adjustment company to oversee the claims

adjustment process; and Engle Martin assigned Summers as the individual field adjuster.

Mainali alleges that Summers failed to conduct a reasonable investigation, denied coverage

for damage to the Property and business losses, and underestimated the damage; after

underestimating the damage, Summers and Engle Martin reduced the amount payable to

Mainali under the Policy; relying on Summers' inadequate investigation and conclusions

regarding the damage, Covington agreed to pay only a portion of the amount due on the

claim; and because of Covington's refusal to pay for repairs and business losses, Mainali was

unable to reopen the Chevron station and convenience store, causing Mainali to suffer

additional damage in the form of lost business income.  Mainali also alleges that Covington,

Engle Martin, and Summers failed to conduct a reasonable investigation of Mainali's claim,

thereby violating Tex. Ins. Code Ann. § 541.060(a)(1);[1] failed to attempt to settle the claim

in a fair manner, even though they were aware of their liability under the Policy, thereby

violating Tex. Ins. Code Ann. § 541.060(a)(2)(A); failed to provide a prompt and reasonable

explanation for the denial of the claim, thereby violating Tex. Ins. Code Ann.

§ 541.060(a)(3); refused to pay the claim without conducting a reasonable investigation of

the claim, thereby violating Tex. Ins. Code Ann. § 541.060(a)(7); misrepresented the Policy

to Mainali by making an untrue statement of material fact, thereby violating Tex. Ins. Code

Ann. § 541.061(1); misrepresented the Policy to Mainali by failing to state a material fact

---

[1]Mainali does not cite a specific statute that it alleges defendants violated, but ¶ 5.3 of Mainali's petition—in which it alleges that "Covington, Engle Martin, and Summers failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies"—suggests that Mainali is referring to Tex. Ins. Code Ann. § 541.060(a)(1).

necessary to make other statements not misleading, thereby violating Tex. Ins. Code Ann. § 541.061(2); misrepresented the Policy to Mainali by making a statement that would mislead a reasonably prudent person to a false conclusion of material fact, thereby violating Tex. Ins. Code Ann. § 541.061(3); failed to acknowledge receipt of the claim, thereby violating Tex. Ins. Code Ann. § 542.055(a)(1); failed to timely commence an investigation of the claim, thereby violating Tex. Ins. Code Ann. § 542.055(a)(2)-(3); failed to notify Mainali in writing of the acceptance or rejection of the claim not later than the fifteenth business day after receipt of all required items, statements, and forms, thereby violating Tex. Ins. Code Ann. § 542.056(a); delayed payment of the claim, thereby violating Tex. Ins. Code Ann. § 542.058(a); violated the Texas Insurance Code, thereby violating the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §§ 17.41-17.63 (West 2011); committed common law fraud; and knowingly committed each of the foregoing alleged violations.

Covington removed the case to this court based on diversity of citizenship, contending that Summers has been improperly joined. Mainali moves to remand, maintaining that Summers' Texas citizenship deprives this court of subject matter jurisdiction and precludes removal. Covington opposes the motion. Mainali has not filed a reply brief, and the motion is ripe for decision.

## II

For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side."

- 3 -

*Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citation omitted).

Moreover, under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity

jurisdiction if any properly joined defendant is a citizen of the state in which the action is

brought (here, Texas).

The doctrine of improper joinder is a narrow exception to the rule of complete

diversity, and it "entitle[s] a defendant to remove to a federal forum unless an in-state

defendant has been 'properly joined.'" *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573

(5th Cir. 2004) (en banc). The doctrine allows federal courts to defend against attempts to

manipulate their jurisdiction, such as by joining nondiverse parties solely to deprive federal

courts of diversity jurisdiction. *See id.* at 576. Because "the effect of removal is to deprive

the state court of an action properly before it, removal raises significant federalism

concerns." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007).

Therefore, the removal statute is strictly construed, with "any doubt about the propriety of

removal [being] resolved in favor of remand." *Id.* at 281-82. Moreover, in determining

whether a party was improperly joined, the court "resolve[s] all contested factual issues and

ambiguities of state law in favor of the plaintiff." *Id.* at 281. The party seeking removal

bears a heavy burden to prove improper joinder. *Smallwood*, 385 F.3d at 574.

Improper joinder is established by showing that there was either actual fraud in the

pleading of jurisdictional facts or that the plaintiff is unable to establish a cause of action

against the nondiverse defendant in state court. *Parsons v. Baylor Health Care Sys.*, 2012

WL 5844188, at *2 (N.D. Tex. Nov. 19, 2012) (Fitzwater, C.J.) (citing *Smallwood*, 385 F.3d

at 573).  Under the second alternative—the one at issue in this case—the test for improper

joinder is

> whether the defendant has demonstrated that there is no
> possibility of recovery by the plaintiff against an in-state
> defendant, which stated differently means that there is no
> reasonable basis for the district court to predict that the plaintiff
> might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)

(explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have

essentially identical meaning, and holding that pleadings must show more than "any mere

theoretical possibility of recovery").  To assess "whether a plaintiff has a reasonable basis

of recovery under state law,"

> [t]he court may conduct a [Fed. R. Civ. P.] 12(b)(6)-type
> analysis, looking initially at the allegations of the complaint to
> determine whether the complaint states a claim under state law
> against the in-state defendant.  Ordinarily, if a plaintiff can
> survive a Rule 12(b)(6) challenge, there is no improper joinder.
> That said, there are cases, hopefully few in number, in which a
> plaintiff has stated a claim, but has misstated or omitted discrete
> facts that would determine the propriety of joinder.  In such
> cases, the district court may, in its discretion, pierce the
> pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted).[2]

---

[2]The court did not rely on Tex. R. Civ. P. 91a in denying the plaintiff's motion for
remand in *One Way Investments, Inc. v. Century Surety Co.*, 2014 WL 6991277 (N.D. Tex.
Dec. 11, 2014) (Fitzwater, J.).  Rule 91a was mentioned in *One Way* to summarize the
assertions made by the defendant. *See id.* at *3.  The court has continued to apply the "fair
notice" pleading standard in a manner that is unaltered by Rule 91a. *See, e.g., Superior Air
Parts, Inc. v. Kubler*, 2015 WL 567223, at *5-6 (N.D. Tex. Feb. 11, 2015) (Fitzwater, J.);
*Arana v. Allstate Texas Lloyds*, 2013 WL 2149589, at *1-2 (N.D. Tex. May 17, 2013)

III

A

Covington maintains that Summers has been improperly joined because Mainali has not alleged a reasonable basis for the court to predict that Mainali can recover against Summers. Covington posits that Mainali did not provide Summers with any pre-suit notice of its claim against him; every cause of action alleged in the petition lumps together the allegedly wrongful conduct of Summers with that of the other defendants, without distinguishing Summers' conduct, and these collective allegations do not articulate a plausible claim against Summers; the allegations against Summers are too conclusory and vague to demonstrate a plausible right to relief; the allegations against Summers for violations of Chapter 541 of the Texas Insurance Code are not actionable because the alleged misrepresentations relate only to Summers' investigation and the scope of the damage, and they do not relate to the coverage provided under the terms of the Policy; an individual adjuster such as Summers cannot be liable under Tex. Ins. Code Ann. §§ 541.060(a)(1), 541.060(a)(2), 541.060(a)(3), and 541.060(a)(7) as a matter of law; an individual adjuster such as Summers cannot be liable under Chapter 542 of the Texas Insurance Code because

---

(Fitzwater, C.J.). In fact, the Fifth Circuit has now held in a published opinion that the Texas notice pleading standard applies when deciding whether a defendant has been improperly joined. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, ___ F.3d ___, 2015 WL 4979009, at *3 (5th Cir. Aug. 21, 2015) ("We hold, in accordance with at least three unpublished decisions of our court, that the Texas pleading standard applies.") (citing cases).

that chapter applies only to insurers; an individual adjuster such as Summers cannot be liable under the DTPA for allegedly wrongful conduct relating to the sale and terms of an insurance policy as a matter of law; and Mainali failed to plead the common law fraud claim with particularity, as required by Rule 9(b).

B

Covington has met its heavy burden of demonstrating that there is no reasonable basis for the court to predict that Mainali might be able to recover against Summers. Mainali alleges that Summers committed the following violations of Tex. Ins. Code Ann. § 541, for which he may be held liable under Tex. Ins. Code Ann. § 541.151: §§ 541.060(a)(1), 541.060(a)(2)(A), 541.060(a)(3), 541.060(a)(7), 541.061(1), 541.061(2), and 541.061(3). Mainali asserts that Summers committed the following violations of Tex. Ins. Code Ann. § 542, for which he may be held liable under Tex. Ins. Code Ann. § 542.060: §§ 542.055(a)(1), 542.055(a)(2), 542.055(a)(3), 542.056(a), and 542.058(a). Mainali also posits that the violations of the Texas Insurance Code enumerated above create a cause of action under the DTPA against Summers. Finally, Mainali alleges that Summers committed common law fraud.

Summers cannot be held liable under § 541.060(a)(1). Mainali asserts that Summers failed to conduct a reasonable investigation, substantially underestimated the damage to the Property, and denied obvious covered damage to the Property. This court has previously held that acts or omissions like this "are not within the scope of § 541.060(a)(1) because they do not relate to the 'coverage at issue.'" *One Way Invs., Inc. v. Century Sur. Co.*, 2014 WL

- 7 -

6991277, at *4 (N.D. Tex. Dec. 11, 2014) (Fitzwater, J.) (quoting *Messersmith v. Nationwide Mut. Fire Ins. Co.*, 10 F.Supp.3d 721, 724 (N.D. Tex. 2014) (Solis, J.) (holding, *inter alia*, that the claims adjuster had been improperly joined because alleged misrepresentations that "there was no damage to . . . roof when in fact there was damage" and "that the damage was only cosmetic in nature when in fact there was leaking resulting from the damage" were not statements that related to the coverage at issue)). "The misrepresentation must be about the details of a policy, not the facts giving rise to a claim for coverage." *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724). Mainali does not allege that Summers made misrepresentations about the details of the Policy.

Mainali cannot recover against Summers under § 541.060(a)(2)(A). "'[Section] 541.060(a)(2), which prohibits "failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement" of claims where the insurer's liability is reasonably clear . . . forces insurance companies to pay a claim when the evidence is "reasonably clear."'" *One Way*, 2014 WL 6991277, at *4 (ellipsis in original) (quoting *Messersmith*, 10 F.Supp.3d at 724). "An adjuster 'cannot be held liable under this section because, as an adjuster, [he] does not have settlement authority on behalf of [the insurer.]'" *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724). "[His] sole role is to assess the damage." *Id.* (quoting *Messersmith*, 10 F.Supp.3d at 724).

Mainali cannot recover against Summers under § 541.060(a)(7).

> Like [§ 541.060(a)(2)] the bad behavior that the statute targets
> is an insurer's refusal to pay under certain circumstances. Those
> who can be held liable are the insurance company or the

- 8 -

> individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation.

*Messersmith*, 10 F.Supp.3d at 725.

Mainali cannot recover against Summers under § 541.060(a)(3), which provides that it is an unfair settlement practice to "fail[] to promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim[.]" Although *One Way* and *Messersmith* did not specifically address this section, this court follows the language and reasoning in these cases and concludes that the rationale in *One Way* for concluding that § 541.060(a)(4) is inapplicable to an adjuster similarly applies to § 541.060(a)(3). *One Way* holds "that an adjuster cannot be held liable under [§ 541.060(a)(4)(A)] because an adjuster does not have authority on behalf of the insurer to affirm or deny coverage of a claim to a policyholder." *One Way*, 2014 WL 6991277, at *5. Similarly, an adjuster cannot be held liable under § 541.060(a)(3) because an adjuster has no obligation to provide a policyholder a reasonable explanation of the basis in the policy for the insurer's denial of a claim, or offer of a compromise settlement of a claim.

Mainali cannot recover against Summers under § 541.061(1)-(3) based on the allegations in the petition. Section 541.061(1)-(3) provides that it is an unfair or deceptive act or practice to misrepresent an insurance policy by

> (1) making an untrue statement of material fact; (2) failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the

- 9 -

statements were made; (3) making a statement in a manner that
would mislead a reasonably prudent person to a false conclusion
of a material fact.

Assuming that an adjuster can be held liable under § 541.061(1)-(3), Mainali's allegations

fail to state a claim for relief under the liberal Texas pleading standard.  The petition makes

only conclusory allegations, including the following:

> 5.6 Covington, Engle Martin, and Summers misrepresented the
> insurance policy under which it affords property coverage to
> Mainali, by making an untrue statement of material fact, in
> violation of Texas Insurance Code Section 541.061(1).
> Covington, Engle Martin, and Summers misrepresented the
> insurance policy to Mainali, by making an untrue statement of
> material fact, in violation of Texas Insurance Code Section
> 541.061(1).

> 5.7 Covington, Engle Martin, and Summers misrepresented the
> insurance policy under which it affords property coverage to
> Mainali by failing to state a material fact that is necessary to
> make other statements made not misleading, in violation of
> Texas Insurance Code Section 541.061(2). Covington, Engle
> Martin, and Summers misrepresented the insurance policy to
> Mainali by failing to state a material fact that is necessary to
> make other statements made not misleading, in violation of
> Texas Insurance Code Section 541.061(2).

> 5.8 Covington, Engle Martin, and Summers misrepresented the
> insurance policy under which it affords property coverage to
> Mainali by making a statement in such manner as to mislead a
> reasonably prudent person to a false conclusion of material fact,
> and failing to disclose a matter required by law to be disclosed,
> in violation of Texas Insurance Code Section 541.061(3) and
> Texas Insurance Code Section 541.002(1). Covington, Engle
> Martin, and Summers misrepresented the insurance policy to
> Mainali by making a statement in such manner as to mislead a
> reasonably prudent person to a false conclusion of material fact,
> and failing to disclose a matter required by law to be disclosed,
> in violation of Texas Insurance Code Section 541.061(3) and

- 10 -

Texas Insurance Code Section 541.002(1).

> 5.9 Covington, Engle Martin, and Summers knowingly
> committed the foregoing acts, with actual knowledge of the
> falsity, unfairness, or deception of the foregoing acts and
> practices, in violation of Texas Insurance Code Section
> 541.002(1).

Pet. ¶¶ 5.6-5.9.  These and the petition's other allegations that relate to these claims are too

conclusory, and they do not provide the court a reasonable basis to predict that Mainali can

recover against Summers under § 541.061(1)-(3).  In essence, Mainali has only pleaded a

theoretical possibility that Summers could be held liable under these sections.  *See*

*Smallwood*, 385 F.3d at 573 (holding that pleadings must show more than a "mere theoretical

possibility of recovery"); *see also Plascencia v. State Farm Lloyds*, 2014 U.S. Dist. LEXIS

135081, at *4 (N.D. Tex. Sept. 25, 2014) (McBryde, J.) (citations omitted) (declining to give

effect to repeated references to 'defendants' because "[m]erely lumping diverse and

non-diverse defendants together in undifferentiated liability averments of a petition does not

satisfy the requirement to state specific actionable conduct against the non-diverse

defendant[,]" and holding that there was "no reasonable basis for the court to predict that

plaintiff might be able to recover from [the adjuster]" because the allegations specifically

naming the adjuster, which are almost identical to the allegations in the present case*,* were

"couched as factual allegations" but "a closer analysis disclose[d] that they [were] nothing

more than mere conclusions"); *Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013

WL 2255256, at *8 (N.D. Tex. May 23, 2013) (Lindsay, J.) (quoting *Griggs v. State Farm*

*Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999) ("The mere recitation or paraphrasing of statutory

provisions, absent at least a modicum of specificity, fails to meet Texas's 'fair notice' pleading standard. '[W]hether the plaintiff has stated a valid cause of action depends upon and is tied to the factual fit between the plaintiff's allegations and the pleaded theory of recovery.'")); *DeCluette v. State Farm Lloyds*, 2013 WL 607320, at *3 (N.D. Tex. Feb. 19, 2013) (Boyle, J.) (holding that plaintiff did not show reasonable basis to predict recovery against adjuster because plaintiff made only conclusory allegations, recited elements of causes of action, and "repeatedly refer[red] to the allegedly wrongful conduct as taken jointly by 'Defendants' . . . without specifying the conduct taken by each separately").

Summers cannot be held liable under any section of Chapter 542. Chapter 542 only applies to specifically listed "insurers," and Summers, an adjuster, is not an insurer. *See* Tex. Ins. Code Ann. § 542.002; *see also Messersmith*, 10 F.Supp.3d at 723 (holding that adjuster could not be held liable under § 542.060(a) because adjuster is not an insurer).

Mainali cannot recover against Summers under the DTPA based on the allegations in the petition. Mainali posits that Summers' violations of the Texas Insurance Code create a cause of action under the DTPA. Because the court has concluded that the petition does not adequately plead a reasonable basis for the court to predict that Mainali can recover against Summers under the Texas Insurance Code, there likewise is no reasonable basis for the court to predict that Mainali can recover against Summers under the DTPA. The DTPA claim is derivative of the Texas Insurance Code claims.

Finally, the court holds that there is no reasonable basis for the court to predict that Mainali can recover against Summers for common law fraud based on the allegations of the

petition.[3]  In ¶ 12.2, Mainali alleges:

> Covington, Engle Martin, and Summers acted fraudulently as to
> each representation made to Mainali concerned material facts
> for the reason they would not have acted and which Covington,
> Engle Martin, and Summers knew were false or made recklessly
> without any knowledge of their truth.  The representations were
> made with the intention that they be acted upon by Mainali, who
> relied on those representations, thereby causing injury and
> damage to Mainali.

The only support for these conclusory allegations that pertains specifically to Summers is that

he failed to conduct a reasonable investigation, substantially underestimated the damage to

the Property, and denied obvious covered damage to the Property.   With only these

assertions, Mainali has at best pleaded a theoretical possibility that Summers can be liable

on a theory of common law fraud.  There is therefore no reasonable basis for the court to

predict that Mainali can recover against Summers on this basis.

*   *   *

Accordingly, because Covington has met its heavy burden of demonstrating that

Summers has been improperly joined, Summers' Texas citizenship can be disregarded.

Because the properly-joined parties are completely diverse, Mainali's motion to remand must

---

[3]The court does not suggest that Mainali must satisfy the Rule 9(b) standard for
pleading a fraud claim.  The court is applying the Fifth Circuit improper joinder standard and
the Texas notice pleading standard.

be and is denied.

**SO ORDERED**.

August 31, 2015.

SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE