# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
*DALLAS DIVISION*

MAINALI CORPORATION,  
Plaintiff

Civil Action No.3:15-CV-1087-D  
CASE NUMBER

v.

COVINGTON SPECIALTY INSURANCE  
Defendant  COMPANY, et al.,

SIDNEY A. FITZWATER  
JUDGE

## NOTICE OF APPEAL

Notice is hereby given that  COVINGTON SPECIALTY INSURANCE COMPANY, et al,
(Appellant's Name)

appeals to the United States Court of Appeals for the Fifth Circuit from the

SUMMARY JUDGMENT ORDER
(conviction and sentence); (sentence only); (order);(judgment)

entered in this action on   March 3, 2017
(Date)

Date    March 28, 2017

Attorney/Pro Se Litigant Signature

Print Name    Khagendra Gharti Chhetry, Esq.

Address    363 7th Avenue, Suite-1500

City, State, Zip   New York, NY10001

Telephone   (212) 947-1079 Fax: (212) 947-1081, Email:kc@chhetrylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAINALI CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-1087-D |
| VS. | § | |
| | § | |
| COVINGTON SPECIALTY INSURANCE | § | |
| COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

### JUDGMENT

For the reasons set out in a memorandum opinion and order filed today, it is ordered and adjudged that plaintiff's action is dismissed with prejudice.

Defendants' taxable costs of court, as calculated by the clerk of court, are assessed against plaintiff.

Done at Dallas, Texas March 3, 2017.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAINALI CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:15-CV-1087-D |
| VS. | § | |
| | § | |
| COVINGTON SPECIALTY | § | |
| INSURANCE COMPANY, et al., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this insurance dispute, defendants move for summary judgment on plaintiff's common-law and statutory claims. Their motion presents questions concerning the effect of a paid appraisal award on the insured's contractual and extra-contractual claims. For the reasons that follow, the court grants defendants' motion and dismisses this action with prejudice.

I

Plaintiff Mainali Corporation ("Mainali") owned a gas station that was damaged by fire.[1] Defendant Covington Specialty Insurance Company ("Covington") insured the gas station property; defendant Engle Martin & Associates, Inc. ("Engle Martin") adjusted the

---

[1] In deciding defendants' summary judgment motion, the court views the evidence in the light most favorable to Mainali as the summary judgment nonmovant and draws all reasonable inferences in its favor. *See, e.g., Owens v. Mercedes-Benz USA, LLC*, 541 F.Supp.2d 869, 870 n.1 (N.D. Tex. 2008) (Fitzwater, C.J.) (citing *U.S. Bank Nat'l Ass'n v. Safeguard Ins. Co.*, 422 F.Supp.2d 698, 701 n.2 (N.D. Tex. 2006) (Fitzwater, J.)).

Mainali claim for Covington; and defendant Lynn Summers ("Summers") was the individual field adjuster whom Engle Martin assigned to handle the Mainali claim. The factual background of this case is set out in a prior memorandum opinion and order. *See Mainali Corp. v. Covington Specialty Ins. Co.*, 2015 WL 5098047, at *1-2 (N.D. Tex. Aug. 31, 2015) (Fitzwater, J.) ("*Mainali I*") (denying motion to remand). The court will therefore limit its discussion of the background facts and procedural history to what is pertinent to the court's resolution of the instant motion.

Mainali's insurance policy (the "Policy") provided coverage up to fixed limits for the building, associated business personal property, the gas pumps, the gas station's canopy or awning, lost business income, and code-required upgrades in the course of repairs after damage. A fire damaged Mainali's property in April 2014. Between May 2014 and January 2015, Covington paid Mainali $389,255.59 in insurance benefits for the damage. Mainali disputed the amount of loss, however, and filed suit in state court in March 2015. Shortly thereafter, Covington invoked its right to an appraisal, as provided for in the Policy.

The appraisal panel completed its work in January 2016. Mainali's designated appraiser, Covington's designated appraiser, and an umpire all concurred in an appraisal award ("Award") of $387,925.49 as an actual cash value for the damage to Mainali's property.[2] According to the Award, this value is a sum of three components: "Building,"

---

[2]The appraisal award also set $449,349.61 as a replacement cost value. Covington paid the actual cash value rather than the replacement cost because Mainali had not made repairs to the property.

"Contents/BPP," and "Business Interruption." P. App. 14. In February 2016 Covington paid Mainali an additional $15,175.82 in fulfillment of the Award; although Covington had already paid more than the Award in total, this amount specifically satisfied the building component.

Defendants removed the case to this court based on diversity of citizenship. In *Mainali I* the court held that diversity jurisdiction existed because, although one of the removing defendants (Summers) is a citizen of Texas, there was no reasonable basis to predict that Mainali could prevail on any of its claims against Summers, and Summers had therefore been improperly joined as a defendant. *Mainali I*, 2015 WL 5098047, at *6.

Mainali's original state court petition (its operative pleading in this case) alleges violations of Tex. Ins. Code Ann. Ch. 541 (West 2009); violations of Tex. Ins. Code Ann. Ch. 542 (West 2009); breach of contract; breach of the duty of good faith and fair dealing; violations of the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Comm. Code Ann. § 17.41 *et seq.* (West 2011) ("DTPA"); and fraud. Defendants now move for summary judgment on all claims. Mainali opposes the motion.

II

When a summary judgment movant will not have the burden of proof on a claim at trial, it can obtain summary judgment by pointing the court to the absence of evidence on any essential element of the nonmovant's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once it does so, the nonmovant must go beyond the pleadings and designate specific facts demonstrating that there is a genuine issue for trial. *See id.* at 324; *Little v. Liquid Air*

*Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant's failure to produce proof as to any essential element renders all other facts immaterial. *See TruGreen Landcare, L.L.C. v. Scott*, 512 F.Supp.2d 613, 623 (N.D. Tex. 2007) (Fitzwater, J.). Summary judgment is mandatory where the nonmovant fails to meet this burden. *Little*, 37 F.3d at 1076.

### III

The court first examines whether defendants are entitled to summary judgment on Mainali's breach of contract claim.

### A

"Under Texas law, 'appraisal awards made pursuant to the provisions of an insurance contract are binding and enforceable, and every reasonable presumption will be indulged to sustain an appraisal award.'" *JM Walker LLC v. Acadia Ins. Co.*, 356 Fed. Appx. 744, 746 (5th Cir. 2009) (per curiam) (quoting *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App. 2004, no pet.)). "An appraisal award 'estop[s] one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court.'" *MLCSV10 v. Stateside Enters., Inc.*, 866 F.Supp.2d 691, 698 (S.D. Tex. 2012) (Rosenthal, J.) (quoting *Lundstrom v. United Servs. Auto. Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex. App. 2006, pet. denied)). "'Because a court indulges every reasonable presumption to sustain an appraisal award, the burden of proof is on the party seeking to avoid the award.'" *Id.* (quoting *Lundstrom*, 192 S.W.3d at 87). Texas law recognizes three situations

in which an appraisal may be set aside: "'(1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the requirements of the policy.'" *JM Walker*, 356 Fed. Appx. at 746 (quoting *Franco*, 154 S.W.3d at 786).

B

Defendants contend that Covington's payment of the Award shows that summary judgment is proper on Mainali's contract claim. They argue that, under Texas law, an appraisal award conclusively resolves the issue of damages, *see MLCSV10*, 866 F.Supp.2d at 698, and that Covington's payment of the Award likewise resolves the issue of liability. Defendants therefore maintain that no triable issue of fact remains as to Mainali's contract claim.

Mainali responds that payment of the Award does not resolve its contract claim because the Award was incomplete. It contends that the Award addresses only three of the Policy's five categories of coverage, and that the Award improperly omits covered code upgrade costs. Mainali points to a list of coverages in the Policy that includes the following five categories: "Building," "Business Personal Property," "Fuel/Gas Pumps," "Canopy/Awnings," and "Bus. Income w/ Extra Exp." P. App. 78. It observes that the Award is also divided into categories—"Building," "Contents/BPP," and "Business Interruption"—that resemble three of the five Policy categories. P. App. 14. Mainali maintains that the omission of the "Fuel/Gas Pumps" and "Canopy/Awnings" categories is evidence of an incomplete appraisal award. And Mainali posits that the Award does not even

reference code upgrade coverage, other than to state that "[t]he panel did not consider Code," *id.*, which Mainali contends is further evidence that the Award is incomplete.

Defendants reply that the Award states that it includes "all FIRE damages," P. App. 14; that the categories Mainali cites (fuel/gas pumps and canopy/awnings) represent items that were not damaged in the fire; that Mainali's own appraiser agreed to the Award; that the Award is binding under the Policy; that Mainali has not moved to set aside the Award; and that, even if it had, the criteria for setting aside an appraisal award have not been met.

C

The court concludes that defendants are entitled to summary judgment dismissing Mainali's claim for breach of contract because Mainali has not produced sufficient evidence to raise a genuine fact issue on a ground for setting aside the Award. For example, in *JM Walker* the Fifth Circuit affirmed summary judgment even though the plaintiff had pointed to evidence that the appraisal relied on incorrect roof measurements. *See JM Walker*, 356 Fed. Appx. at 747. The panel held that this evidence did not create a genuine issue of material fact as to whether the award resulted from mistake, because an umpire must often choose between competing values. *See id.* And in *MLCSV10*, another insurance appraisal case, although the district court denied summary judgment on a breach of contract claim, it did so based on comprehensive evidence that the appraisal award may have been incomplete, including multiple depositions explaining what damage the appraisers considered, and multiple damage estimates documenting what the appraisers omitted. *See MLCSV10*, 866 F.Supp.2d at 705.

Mainali has pointed to no such evidence, and its contention about the Award's component categories is less substantial than either of the examples above. Although Mainali is permitted to challenge the validity of the Award in response to a summary judgment motion, *see id.* at 708, it has not presented evidence that is sufficient to enable a reasonable jury to find that the Award should be set aside. Accordingly, defendants are entitled to summary judgment dismissing Mainali's breach of contract claim.

IV

The court next turns to defendants' request for summary judgment as to Mainali's claim for breach of the duty of good faith and fair dealing.

Defendants maintain that "in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insured breached the contract." *Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996). And defendants posit that there are only two recognized exceptions to this rule, neither of which encompasses the circumstances here. *See Republic Ins. Co. v. Stoker*, 903 S.W.3d 338, 341 (Tex. 1995) (excepting extreme acts by insurer that lead to independent injury, and failures to timely investigate claims).

Mainali has not responded to defendants' arguments; its response brief addresses only the completeness of the appraisal award and the timeliness of payments under Tex. Ins. Code Ch. 542. Although Mainali's failure to respond to this ground of defendants' motion does not permit the court to enter a "default" summary judgment on this claim, *see, e.g., Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.), "[a] summary judgment nonmovant who does not respond to the motion is relegated to [its]

unsworn pleadings, which do not constitute summary judgment evidence," *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). Moreover,

> [i]f a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . (2) consider the fact undisputed for purposes of the motion [and] (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it[.]

Rule 56(e)(2), (3). Accordingly, because Mainali has not met its burden to adduce evidence supporting its claim for breach of the duty of good faith and fair dealing, defendants are entitled to summary judgment dismissing this claim. *See Little*, 37 F.3d at 1076.

V

Defendants next contend that they are entitled to summary judgment dismissing claims for violations of Tex. Ins. Code Ann. Ch. 541 and the DTPA. They maintain that these claims are evaluated under the same standard as the common law bad faith claim, and therefore fail as a matter of law. *See Higginbotham v. State Farm Mut. Auto. Ins. Co.*, 103 F.3d 456, 460 (5th Cir. 1997) ("Texas courts have clearly ruled that these extra-contractual tort claims require the same predicate for recovery as bad faith causes of action in Texas."); *Nunn v. State Farm Mut. Auto Ins. Co.*, 729 F.Supp.2d 801, 811 (N.D. Tex. 2010) (Fitzwater, C.J.) (same). Defendants also contend that Mainali cannot show an independent injury from any of the misrepresentations alleged, and that payment of the Award precludes these claims.

Mainali has not responded to defendants' arguments and therefore has failed to meet

its burden to designate evidence supporting its claims. Accordingly, defendants are entitled to summary judgment dismissing Mainali's claims under Tex. Ins. Code Ann. Ch. 541 and the DTPA. *See Little*, 37 F.3d at 1076.

VI

Defendants contend that they are entitled to summary judgment on Mainali's fraud claim. They maintain that the misrepresentations alleged by Mainali are not actionable as a matter of law because they are too general, and that the Award remedied any injury.

Mainali has not responded to defendants' arguments and therefore has not met its burden to designate evidence supporting its fraud claim. Accordingly, defendants are entitled to summary judgment dismissing Mainali's fraud claim. *See id.*

VII

Defendants next contend that they are entitled to summary judgment on Mainali's claim under the Texas Prompt Payment of Claims Act, Tex. Ins. Code Ann. Ch. 542.051 *et seq.* (West 2009) ("TPPCA").

A

As relevant here, the TPPCA requires insurers to pay claims within 60 days of receiving necessary documents from the insured. *See, e.g., Graber v. State Farm Lloyds*, 2015 WL 3755030, at *8 (N.D. Tex. June 15, 2015) (Boyle, J.). If the insurer does not meet this deadline, it is liable for statutory interest of 18% on any amount it is later determined to owe. *See id.*

Defendants maintain that Covington met all required preliminary deadlines under the

TPPCA, and that, although payment of the Award was made after the 60-day deadline, full and timely payment of an appraisal award categorically precludes a TPPCA violation. *See Mag-Dolphus, Inc. v. Ohio Cas. Ins. Co.*, 906 F.Supp.2d 642, 652 (S.D. Tex. 2012); *In re Slavonic Mut. Fire Ins. Ass'n*, 308 S.W.3d 556, 563 (Tex. App. 2010, orig. proceeding) ("[F]ull and timely payment of an appraisal award under the policy precludes an award of penalties under the Insurance Code's prompt payment provisions as a matter of law.").

Mainali responds that any payment that comes after the statutory 60-day limit is subject to penalties. Mainali reasons that, just as insurers are strictly liable for statutory interest when an underpayment or denial is later held through litigation to be incorrect, *see Higginbotham*, 103 F.3d at 461, they should be strictly liable for interest when an underpayment is determined to be inadequate by a subsequent arbitration award. Mainali cites *Graber*, which supports this proposition and criticizes the lower court decisions that adopt a categorical rule against prompt payment penalties in appraisal cases. *See Graber*, 2015 WL 3755030, at *10. Mainali does not argue that Covington failed to comply with any provision of the TPPCA except the 60-day deadline to pay a claim.

In reply, defendants maintain that the authorities Mainali cites are either distinguishable or wrongly decided. Defendants contend that *Graber* is an outlier, and that the weight of Texas and federal authority supports a categorical bar of TPPCA claims when an appraisal award has been fully and timely paid. Defendants also cite *Quibodeaux v. Nautilus Ins. Co.*, 655 Fed. Appx. 984, 988 (5th Cir. 2016), a recent unpublished decision that squarely adopts the rule advanced by defendants: "A plaintiff may not seek Chapter 542

damages for any delay in payment between an initial payment and the insurer's timely payment of an appraisal award." *Id.*

B

The court concludes that defendants are entitled to summary judgment dismissing Mainali's TPPCA claim. *Quibodeaux* post-dates *Graber*, and, although *Quibodeaux* is an unpublished opinion, it aligns with the weight of Texas authority that holds, as a matter of law, that an insurer is not liable for statutory interest for the time between an initial payment and the timely payment of an appraisal award. *See id*; *Slavonic*, 308 S.W.3d at 564 (collecting cases).

\* \* \*

Accordingly, for the reasons explained, the court grants defendants' motion for summary judgment and dismisses this action with prejudice by judgment filed today.[3]

**SO ORDERED.**

March 3, 2017.

                                              _____
                                              SIDNEY A. FITZWATER
                                              UNITED STATES DISTRICT JUDGE

---

[3]The court grants summary judgment in favor of defendant Summers on the additional ground that, as the court held in *Mainali I*, there is no reasonable basis to predict that Mainali can recover against Summers on any claim. *See Mainali I*, 2015 WL 5098047, at \*6. Defendants pointed to an absence of evidence against Summers in their summary judgment brief, Ds. Br. 1 n.1, and Mainali has not presented any evidence to support its claims against Summers.